JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Adrian Lacey | Keeton Corrections, Inc. and Lucy May-Lymon |

| **(b)** County of Residence of First Listed Plaintiff   Mobile County, AL | County of Residence of First Listed Defendant   Bay County, FL |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Pro Se - Adrian Lacey #9001341<br>Escambia County Jail, 316 Court St, Brewton, AL 36426 | John W. Dodson and Michelle L. Crunk, LLOYD, GRAY,<br>WHITEHEAD & MONROE, P.C., 880 Montclair Rd Ste 100,<br>Birmingham, AL 35213 (205) 967-8822 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original
  Proceeding
- ☒ 2 Removed from
  State Court
- ☐ 3 Remanded from
  Appellate Court
- ☐ 4 Reinstated or
  Reopened
- ☐ 5 Transferred from
  Another District
  *(specify)*
- ☐ 6 Multidistrict
  Litigation -
  Transfer
- ☐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and/or Bivens

Brief description of cause:
civil rights violations

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>4,500,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):*   JUDGE   Terry F. Moorer | DOCKET NUMBER   1:23-cv-00071-TFM-B |
|---|---|---|

| DATE<br>10/13/2023 | SIGNATURE OF ATTORNEY OF RECORD   *Michelle L. Crunk* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | | |
|---|---|---|
| **ADRIAN LACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 23-cv-388** |
| | ) | |
| **KEETON CORRECTIONS, INC.** | ) | |
| **and LUCY MAY-LYMON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants Keeton Corrections, Inc.[1] ("KCI") and Lucy May-Lymon[2] ("May-Lymon," and together with KCI, "Defendants") hereby notify this Honorable Court of their removal of this action from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama. As grounds therefor, Defendants state as follows:

1.      This civil action was filed on or about May 22, 2023 in the Circuit Court of Baldwin County, Alabama, as CV-23-900585. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

2.      The Complaint alleges violations of Plaintiff's constitutional rights under the United States Constitution, specifically the Eighth and Fourteenth Amendments, related to his treatment at a halfway house operated by KCI while he was federal inmate in the custody of the Bureau of Prisons. (Ex. A). These are federal law claims. Plaintiff also states claims for negligence and respondeat superior arising out of the same controversy as the federal law civil rights claims. (Ex. A).

---

[1] Improperly identified as "Keetons Corrections" in Plaintiff's Complaint.
[2] Improperly identified as "Lucy May Lymon" in Plaintiff's Complaint.

**PLAINTIFF**

3.    At the time Plaintiff submitted his Complaint for filing, he was incarcerated at Forrest City Medium in Arkansas.  (Ex. A).  Upon information and belief, Plaintiff is currently incarcerated at Escambia County Jail, 316 Court Street, Brewton, Alabama 36426.

**REMOVING DEFENDANTS**

4.    KCI is a private contractor for the Federal Bureau of Prisons.  KCI is incorporated in Kentucky with its principal place of business in Florida.  KCI was served with Plaintiff's Complaint on September 13, 2023.

5.    May-Lymon is the Facility Director for the halfway house operated by KCI in Spanish Fort, Alabama, where Plaintiff was staying when the activities alleged in his Complaint occurred.  She is a citizen of Mobile County, Alabama, and she was served with Plaintiff's Complaint on September 13, 2023.

**GROUNDS FOR REMOVAL**

6.    This action is being removed pursuant to 28 U.S.C. § 1441, *et seq.* as it could have been originally brought in the Court pursuant to 28 U.S.C. §§ 1331 and 1367.

7.    Federal district courts have original "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Complaint presents a federal question on its face, as "[a]llegations of constitutional violations provide a basis for federal-question jurisdiction over a complaint."  *Riggs v. Brooks*, No. CV 17-0469-CG-MU, 2018 WL 3800037, at *3 (S.D. Ala. Apr. 11, 2018), report and recommendation adopted, No. CV 17-0469-CG-MU, 2018 WL 3795258 (S.D. Ala. Aug. 9, 2018).  Moreover, a "federal court can hear state-law claims along with federal claims through its exercise of supplemental jurisdiction. 28 U.S.C. § 1367(b)."  *Id.*

8.      This action is properly removable under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the venue where the state court action was pending, Baldwin County, Alabama.

9.      As required by 28 U.S.C. § 1446(a), a complete copy of the state court file as it exists on October 13, 2023, including all process, pleadings, and orders served upon Defendants, is attached hereto as Exhibit B.

10.      This Notice of Removal is timely filed because it is submitted within thirty (30) days of the date the Defendants were first served with the Summons and Complaint in this action, as required by 28 U.S.C. § 1446(b)(1).

11.      "All defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  KCI and May-Lymon are the only named defendants.  Therefore, this requirement is satisfied.

12.      A true and correct copy of this Notice of Removal is being served on Plaintiff on this date as is required by 28 U.S.C. § 1446(d).

13.      A true and correct copy of this Notice of Removal will be filed with the Circuit Clerk of the Circuit Court of Baldwin County, Alabama as is required by 28 U.S.C. § 1446(d).

/s/ Michelle L. Crunk
John W. Dodson            (ASB-9724-d65J)
Michelle L. Crunk          (ASB-2967-i71C)
*Attorneys for Keeton Corrections, Inc. and Lucy May-Lymon*

**OF COUNSEL**:
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Rd., Ste. 100
Birmingham, AL 35213
Telephone: (205) 967-8822
jdodson@lgwmlaw.com
mcrunk@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of October 2023, that I have served a true and correct copy of the foregoing upon Plaintiff via U.S. Mail:

Adrian Lacey
2889 Sollie Rd #1509
Mobile, AL 36695

Adrian Lacey #9001341
Escambia County Jail
316 Court Street
Brewton, AL 36426

/s/ Michelle L. Crunk
OF COUNSEL

AVSO350                    ALABAMA JUDICIAL DATA CENTER
                           BALDWIN        COUNTY, ALABAMA
                               SUMMONS              CV 2023 900585.00
                               CIVIL                JODY W. BISHOP

```
|-------------------------------------------------------------------------------|
|                   IN THE   CIRCUIT COURT OF   BALDWIN        COUNTY, ALABAMA   |
| ADRIAN L LACEY VS KEETON CORRECTIONS                                          |
|                                                                               |
|      SERVE ON: (D001)                                                         |
|      SSN:      -  -                    PLAINTIFF'S ATTORNEY                    |
|      KEETON CORRECTIONS                *** PRO SE ***                          |
|      4931 BATTLESHIP PKWY                                      ORIGINAL        |
|                                                                               |
|      SPANISH FORT   ,AL  36527-0000                                           |
|-------------------------------------------------------------------------------|
| NOTICE TO THE ABOVE-NAMED DEFENDANT:                                          |
|                                                                               |
|  THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS         |
| IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU     |
| OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER,    |
| EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER         |
| DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED  |
| OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE ABOVE-NAMED PLAINTIFF(S) OR  |
| ABOVE-NAMED ATTORNEY(S) OF THE PLAINTIFF(S) AT THE ABOVE ADDRESS(ES)          |
| OF THE ATTORNEY(S).                                                           |
|                                                                               |
|  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS    |
| AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGEMENT BY DEFAULT  |
| MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE     |
| COMPLAINT OR OTHER DOCUMENT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER   |
| WITH THE CLERK OF THIS COURT.                                                 |
|-------------------------------------------------------------------------------|
|    (X)  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL |
|         PROCEDURE TO SERVE PROCESS:                                           |
|         YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE      |
|         COMPLAINT OR OTHER DOCUMENT IN THIS ACTION UPON THE                   |
|         ABOVE-NAMED DEFENDANT.                                               |
|                                                                               |
|    ( )  SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE       |
|         WRITTEN REQUEST OF _____ PURSUANT TO THE ALABAMA  |
|         RULES OF CIVIL PROCEDURE.                                             |
|                                                                               |
| DATE: 07/25/2023               CLERK: BRENDA Q. GANEY                         |
|                                        312 COURTHOUSE SQUARE                  |
|                                        SUITE 10                               |
|                                        BAY MINETTE  AL   36507                |
|                                        (251)937-0280                          |
|                                                                               |
|    ( )  CERTIFIED MAIL IS HEREBY REQUESTED     _____        |
|                                                PLAINTIFF'S/ATTORNEY'S         |
|                                                SIGNATURE                      |
|-------------------------------------------------------------------------------|
|                            RETURN ON SERVICE                                  |
|    ( )  RETURN RECEIPT OF CERTIFIED MAIL RECEIVED IN THIS OFFICE              |
|         ON (DATE) _____ (RETURN RECEIPT HERETO ATTACHED)          |
|                                                                               |
|    ( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THIS SUMMONS AND      |
|                                                                               |
|         COMPLAINT OR OTHER DOCUMENT TO _____  |
|                                                                               |
|         IN _____ COUNTY, ALABAMA ON (DATE) _____  |
|                                                                               |
|                                                                               |
| _____       _____ |
| DATE                                   SERVER'S SIGNATURE                     |
|                                                                               |
| _____       _____ |
| SERVER'S ADDRESS                       TYPE OF PROCESS SERVER                 |
|                                                                               |
|         _____                                      |
|                                                                               |
| _____                                              |
| SERVER'S PHONE NUMBER                                                         |
|-------------------------------------------------------------------------------|
```

OPERATOR: CHW   PREPARED: 07/25/2023

**State of Alabama**
**Unified Judicial System**

**Form ARCiv-93    Rev.9/18**

# COVER SHEET
## CIRCUIT COURT – CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: CV 2003 900585

Date of Filing: ☐☐ Month  ☐☐ Day  ☐☐☐☐ Year

Judge Code: ☐☐☐☐☐

---

IN THE CIRCUIT COURT OF _Baldwin County_ , ALABAMA
(Name of County)

_Adrian L. Lacey_ First Plaintiff  v.  _Breton Corrections_ First Defendant

First Plaintiff:  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

First Defendant:  ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☑ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ LORP - Petition for Order of Limited Relief
☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** (check one):  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** ☐☐☐☐☐☐    _____ Date    _Adrian L. Lacey_ Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☐ Yes  ☐ No



MAY 22 2023

IN THE 28TH JUDICIAL CIRCUIT COURT
FOR BALDWIN COUNTY ALABAMA

ADRIAN LACEY,                      §
                                   §
         PLAINTIFF,                §
                                   §
VS.                                §      CASE NO.: Cv 23 900585
                                   §
KEETONS CORRECTIONS,               §
LUCY MAY LYMON, AND                §
UNNAMED DEFENDANTS.                §

### CIVIL COMPLAINT AND LAWSUIT

MAY 22 2023

COMES NOW, ADRIAN LACEY, in this civil suit against Keetons Corrections
and named defendants including Lucy May Lymon in their official capacity,
located in Spanish Fort, Alabama, for violating his Eighth Amendment Const-
itutional Rights by allowing his specimen to be substituted, altered, and
taampered with which caused him to directly and indirectly lose one-hundred
and fifty-seven (157) good conduct time days in the Bureau of Prisons's
sentence he was or is serving.

### FACTS OF THE CASE

Plaintiff was sent to Keeton Corrections on July 19, 2022 to serve
out the remainder of his sentence which at that time ended on December 13,
2022. Keeton's is a halfway house for federal inmates in Bureau of Prisons
custody. On July 20, 2022 Plaintiff submitted a urine analysis sample. On
July 28, 2022, lab results from Redwood Toxicology Labratory were returned
and indicated that the sample from July 20, 2022, was positive for THC.

-1-

On July 29 Plaintiff was arressted and taken into the custody of the Baldwin County Sheriff's department and booked into the Baldwin County Jail. Plaintiff was given another urine analysis at Baldwin County docket by a nurse. Once the Plaintiff was in general population around other inmates, he met other inmates that were previously at Keeton Corrections but were arrested before he arrived from federal prison.

Amongst other things, some of these inmates spoke of how Urine Analysis tampering was amiss at Keeton's and how Director Lymon was involved. Plaintiff then called from the county jail and spoke to Case Manager Jackson to inquire about his results from the July 26 and 27 urine samples that he submitted. Case Manager Jackson then informed the Plaintiff that his samples were negative. She then informed Plaintiff that the July 20th urine sample that was positive had 19 nanograms of THC. The July 26th and 27th samples should still have been positive in that case.

Plaintiff then contacted medical through the kiosk and inquired about his urine sample results from the Baldwin County Jail. He was informed that his results were negative as well. Plaintiff was then released back to Keetons after serving thirty days. Plaintiff then filed several administrative remedies to the BOP, but they were all rejected in turn. Then months later Plaintiff received his first break. He received an email and text message from two different people informing him that he had been set-up by having his specimen sample substituted or altered. Additionally, they sent Plaintiff the videos to support these allegations.

The messages also requested a monetary payment of $150.00 for the videos. The messages also asserted that Director Lucy Lymon was involved in the scandal.

-2-

On January 12, 2022, in a conference call with residential reentry manager David Potts, whom is with the Bureau of Prisons and Director Lymon, Plaintiff informed Manager Potts about these disturbing messages. After sending these messages to the BOP and Keetons by email so Mrs. Lymon could also view them, she stated that tampering with specimens is impossible because the locker in the cleaning supply closet where the specimen samples are kept are secured properly with a lock. She then stated that the locker has a lock or key to keep it secured.

Plaintiff had been at Keetons since July 19, 2022, and had submitted four urine samples a month, but had never seen a lock or the locker secured. In fact no staff monitor had ever unlocked the locker since no key or lock had ever been in existence. This is something that all staff and inmates, both former and current would attest to before January 17, 2023 which is when a sign was placed on the door stating no inmates allowed and the locker finally was locked according to staff.

On January 12, 2022, Plaintiff left this meeting with Potts and Lymon and went to the cleaning room which has no video surveillance and recorded himself entering the unlocked specimen locker. There was a staff monitor, Eric Bush, present in this video as well. Plaintiff pretends to look for a pillow inside the specimen locker which he opens the unsecured locker while recording himself entering the unsecured locker. He shows the live specimen sample in the FedEx bag waiting to be picked up by a FedEx carrier. Also, additionally you can see the unused specimen cups in the same locker making it easily accessible to anyone who wishes to tamper with said specimens. Then ironically Monitor Bush moves to the locker and starts bagging specimen cups in another FedEx bag because the cups were all over the locker and falling out of the FedEx bag that they had initally been in.

-3-

Plaintiff then asks Monitor Bush what date it is and which Bush responds to by .saying January 12th. Plaintiff then states tomorrow is Friday the 13th. Bush responds with Yep.

On a similar occasion, Plaintiff records the locker unsecured by asking a monitor to open the locker for him while he openly records. When the monitor opens the locker Plaintiff sticks the phone inside the locker and states: This is where they keep the U.A.s at Plaintiff then asks the monitor to close the locker. What happens after he closes the locker is mouthdropping. The monitor exits the room and leaves the Plaintiff inside the room or closet around the unsecured locker and goes back to work at the front desk. Plaintiff records the monitor leaving the room and turns the camera back to the locker that was never locked or unlocked.

On January 17, 2023, Plaintiff emailed the two videos he recorded along with the videos sent to him showing someone entering the unsecured locker removing specimen samples and playing with the latch on the locker to BOP representative David Potts. Plaintiff told Potts that the  Director lied when she stated that the locker has a lock and stays locked. Plaintiff was charged and arrested for recording staff. A sign was then placed on the door stating no inmates were allowed beyond a certain point. The sign is dated January 17, 2023. The exact day the Plaintiff sent the videos to the BOP. However, the damage had been done to Plaintiff and other inmates alike.

## NEGLIGENCE/BREACH OF DUTY

We define negligence as conduct that falls below the level necessary to preotect others against unreasonable risks of harm. The elements of a negligence case - the things the plaintiff must prove to recover are: (1) **a breach of duty** by the defendant; (2) actual injury suffered by the plaintiff, and; (3) actual and proximate causation between the breach and the injury.

As asserted in the above mentioned Keeton Corrections and its staff breached their duty of retrieving and safegaurding specimens by failing to properly lock and secure the secure  the specimen locker that held inmates urine analysis tests. Plaintiff and other inmates unnumbered suffered positive **U.A. results as a result of this breach of duty by the defendants** which led to Plaintiff and others to unlawfully lose good time credits and increase their incarceration date. Furthermore, to show actual and proximate causation Plaintiff points to the videos of an inmate inside the specimen locker tampering with urine samples unattended and the missing lab tests he submitted but have no lab results from Redwood Lab to support the tests he and others submitted. This is all in account to the defendants breach of duty in keeping the specimens locker secured at all times and keeping a log of who and when the locker was entered.

These violations incurred by the defendants ended up in the Plaintiff's civil rights being violated as a result of the defendants negligent behavior.

## EIGHTH AMENDMENT VIOLATION

Plaintiff asserts that he was subjected to cruel and unusual punishment when he was sent back to jail and prison as a result of his specimen being tampered with, he in addition suffered a loss of one-hundred fifty-seven good conduct time days being forfeited due to this breach of "chain of custody". Plaintiff was forced to spend the holidays in Baldwin County Jail. Plaintiff lost significant wages while being incarcerated for the one-hundred and fifty-seven days. He also experienced chagrin, teeth grinding, high blood pressure and contracted COVID-19 while in custody after December 13, 2022, which was his original date before his specimen was tampered with at Keeton Corrections.

## FOURTEENTH AMENDMENT VIOLATION

Plaintiff asserts that the above names defendants violated his rights to life, liberty, and due process protection of the law when they failed to properly secure the live specimen locker. By not securing the locker is not enough to prove tampering, a breah of chain of custody. The Plaintiff needs to show evidence of tampering, altering, substitution, or bad faith by the defendant.

However, in this case Plaintiff has video evidence showing an inmate with his hand in the FedEx bag removing and touching live specimens outside the presence of staff. There is a protected interest in a specimen for drug testing which causes a due process right to be attached. When a specimen tests positive, an inmate loses GCT which causes him/her to have to remain in prison longer.

-6-

So when Keetons failed to EVER place a lock on the specimen locker this resulted in inmates tampering with either their own samples or the samples of other inmates'. In fact to additionally prove tampering outside the inflammatory videos, Plaintiff asserts that inmates took the entire FedEx bag on multiple occasions. A review will show a lot of inmates including the Plaintiff have missing lab results. Plaintiff has seen other inmates with the FedEx bag outside of the supply room on previous occasions containing his specimen. This was in September or October of 2022. There is no chain of custody. Staff are not required to docket when they enter the specimen locker as shown in the videos.

When a resident or inmate submits a urine sample they sign an electronic pad indicating the date and time that they submitted their sample. When a review is done, this court will witness how there are a lot of missing lab results that are supposed to match with the date that they were submitted. So you have signatures with no lab results. Shannon Tresevant, a former resident will attest to how he took the whole bag on occasions to prevent testing of his specimens. Director Lymon is and was aware of these missing lab results that are supposed to match the signatures but never once addressed this misconduct. As stated in the text and email sent to Plaintiff, she was more likely than not involved in the scandal.

Director Lymon filed bankruptcy in 2019, and also suffers from a gambling addiction. So she more than likely benefitted from the scandal since some inmates said they sometimes left money in the locker for "Boss Lady." In her own words she has been doing this for over twenty-four years.

All residents have a protected interest and a due process of equal protection of the law attached to the specimens, which means Keetons

Corrections and the BOP had an obligation to secure and protect the urine samples since a positive test result means a loss of GCT and can possibly extend an inmate's sentence.

The videos Plaintiff sent to the BOP officials show an inmate with his hand in the FedEx bag removing a live specimen cup that had been previously submitted and bagged. Due to the specimen cup being already in the bag, the adhesive tamper proof label which contains the inmates initials and date is hard to see. So it is hard to determine whose urine sample it was or wasn't. Plaintiff is going to ask this Court to force Keetons to reveal all inmates whom tested positive because it is possible that their urine samples were tampered with along with the gross negligence displayed by Keeton's Corrections and its staff members. It is impossible to know whose sample he/she tampered with before or after the videos. Two things this court should be able to discern from the videos and the missing or stolen urine samples, is clearly that the chain of custody was broken, and tampering at the very least did occur.

No resident should have had access to the specimen locker, especially with the room or closet being unmonitored. In fact the videos depict an even more peculiar question. Has staff ever tampered with residents' specimen samples since there is no log and the specimen cups are not safely secured until FedEx comes to pick up the live specimen bags?

## RESPONDEAT SUPERIOR

Plaintiff asserts that under Respondeat Superior Keeton Corrections is responsible for supervising and training their employees on how to handle

specimen samples. Therefore, due to the mishandling of specimens of specimens which led to that Plaintiff's constitutional due process rights being violated, Keeton Corrections became liable for all action surmounting from the negligence and malicious acts of all employees of Keeton Corrections.

Residents and staff monitors made money from the unsecured locker. Monitors looked the other way while residents substituted or destroyed their own possible positive urine samples. Some residents also tampered with other inmate's specimen samples if they benefitted with monetary gains from it.

As shown in the videos recorded by Plaintiff, Keeton's employees handling of the specimen locker showed lack of training at handling specimen samples. Keeton's failed to properly train and supervise Director Lymon on the proper procedures in dealing with DNA specimen samples. Staff failed to keep a log of who and when the locker was entered.

More importantly, Keeton's failed to train and supervise its employees on the importance of locking the specimen locker. The videos will thoroughly support these allegations.

## CONCLUSION

As a requisite to fairness Plaintiff requests that Keeton and its employees both named and unnamed pay the sum on one point eight million dollars for punitive damages; an additional one point five million dollars in compensatory damages; and finally one point two million dollars for pain ande suffering.

Respectfully submitted this __16__ day of May 2023.

Adrian Lacey

DOCUMENT 13

4/12/23

Clerk of Court

I am currently incarcerated at Forrest City Medium in Arkansas until May 19, 2023 which is when my sentence ends. After May 20, 2023 my address will be 2889 Sollie Rd #1509 Mobile Al 36695

Sincerely

Adrian Jay

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: JOHN DODSON**
**10/13/2023 9:18:37 AM**

County: **05**  Case Number: **CV-2023-900585.00**  Court Action:
Style: **ADRIAN L LACEY VS KEETON CORRECTIONS**

<span style="background:green;color:white">Real Time</span>

## Case

### Case Information

| | | |
|---|---|---|
| County: **05-BALDWIN** | Case Number: **CV-2023-900585.00** | Judge: **JWB:JODY W. BISHOP** |
| Style: **ADRIAN L LACEY VS KEETON CORRECTIONS** | | |
| Filed: **05/22/2023** | Case Status: **ACTIVE** | Case Type: **NEGLIGENCE-GENERAL** |
| Trial Type: **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **2** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **09/11/2023** | Updated By: **CHW** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - LACEY ADRIAN L #9001341

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **LACEY ADRIAN L #9001341** | Type: **I-INDIVIDUAL** |
| Index: **D KEETON COR** | Alt Name: | Hardship: **Yes**   JID: **JWB** |
| Address 1: **ESCAMBIA COUNTY JAIL** | | Phone: **(334) 000-0000** |

Address 2: **316 COURT ST**
City: **BREWTON**    State: **AL**    Zip: **36426-0000**    Country: **US**
SSN:    DOB:    Sex:    Race:

## Court Action

Court Action:    Court Action Date:
Amount of Judgement: **$0.00**    Court Action For:    Exemptions:
Cost Against Party: **$0.00**    Other Cost: **$0.00**    Date Satisfied:
Comment:    Arrest Date:
Warrant Action Date:    Warrant Action Status:    Status Description:

## Service Information

Issued:    Issued Type:    Reissue:    Reissue Type:
Return:    Return Type:    Return:    Return Type:
Served:    Service Type    Service On:    Notice of No Answer: Served By:
Answer:    Answer Type:    Notice of No Service:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 2 - Defendant GOVERNMENT - KEETON CORRECTIONS

## Party Information

Party: **D001-Defendant**    Name: **KEETON CORRECTIONS**    Type: **G-GOVERNMENT**
Index: **C LACEY ADRIAN**    Alt Name:    Hardship: **No**    JID: **JWB**
Address 1: **4901 BATTLESHIP PKWY**    Phone: **(334) 000-0000**
Address 2:
City: **SPANISH FORT**    State: **AL**    Zip: **36527-0000** Country: **US**
SSN:    DOB:    Sex:    Race:

## Court Action

Court Action:    Court Action Date:
Amount of Judgement: **$0.00**    Court Action For:    Exemptions:
Cost Against Party: **$0.00**    Other Cost: **$0.00**    Date Satisfied:
Comment:    Arrest Date:
Warrant Action Date:    Warrant Action Status:    Status Description:

## Service Information

Issued: **07/25/2023**  Issued Type: **S-SHERIFF**    Reissue: **09/11/2023**    Reissue Type: **S-SHERIFF**
Return: **07/31/2023**  Return Type: **F-RETURNED NOT FOUND** Return:    Return Type:
Served: **09/13/2023**  Service Type **S-SERVED PERSONALLY** Service On:    Notice of No Answer: Served By:
Answer:    Answer Type:    Notice of No Service:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 3 - Defendant INDIVIDUAL - LYMON LUCY MAY

## Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | **LYMON LUCY MAY** | | | Type: | **I-INDIVIDUAL** |
| Index: | **C LACEY ADRIAN** | Alt Name: | | Hardship: | **No** | JID: | **JWB** |
| Address 1: | **4901 BATTLESHIP PKWY** | | | Phone: | **(334) 000-0000** | | |
| Address 2: | | | | | | | |
| City: | **SPANISH FORT** | State: | **AL** | Zip: | **36527-0000** | Country: | **US** |
| SSN: | | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **09/11/2023** | Issued Type: | **S-SHERIFF** | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | **09/13/2023** | Service Type | **S-SERVED PERSONALLY** | Service On: | | Notice of No Answer: |
| Answer: | | Answer Type: | | Notice of No Service: | | Served By: | |

## Financial

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/23/2023 | 9:17 AM | FILE | FILED THIS DATE: 05/22/2023          (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | ASSJ | ASSIGNED TO JUDGE: JODY W. BISHOP        (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | LAJ |
| 5/23/2023 | 9:17 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | LAJ |
| 5/23/2023 | 9:18 AM | C001 | C001 PARTY ADDED: LACEY ADRIAN L          (AV02) | LAJ |
| 5/23/2023 | 9:18 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | LAJ |
| 5/23/2023 | 9:19 AM | C001 | LISTED AS ATTORNEY FOR C001: PRO SE          (AV02) | LAJ |
| 5/23/2023 | 9:19 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | LAJ |
| 5/23/2023 | 9:20 AM | D001 | D001 PARTY ADDED: KEETON CORRECTIONS          (AV02) | LAJ |
| 5/23/2023 | 9:20 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | LAJ |
| 5/23/2023 | 9:20 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | LAJ |
| 5/23/2023 | 9:20 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | LAJ |
| 5/23/2023 | 9:22 AM | ESCAN | SCAN - FILED 5/22/2023 - COMPLAINT | LAJ |
| 5/23/2023 | 9:24 AM | EMOT | C001-OTHER - AFFIDAVIT OF HARDSHIP FILED ON 5/22/2023 9:24 AM. | BEJ |
| 5/24/2023 | 10:57 AM | JEORDE | ORDER GENERATED FOR OTHER - AFFIDAVIT OF HARDSHIP - RENDERED & ENTERED: 5/24/2023 10:57:22 AM - ORDER | J |
| 5/25/2023 | 9:37 AM | TEXT | MAILED AFFIDAVIT OF HARDSHIP BACK W/ORDER | LAJ |
| 6/7/2023 | 2:44 PM | EMOT | C001-OTHER - AFFIDAVIT OF SUBSTANTIAL HARDSHIP FILED ON 6/7/2023 2:44 PM. | CHW |
| 6/8/2023 | 3:34 PM | JEORDE | ORDER GENERATED FOR OTHER - AFFIDAVIT OF SUBSTANTIAL HARDSHIP - RENDERED & ENTERED: 6/8/2023 3:34:00 PM - ORDER | J |
| 6/9/2023 | 8:23 AM | GNOT | *** NOTICE ISSUED: C001 PARTY ****************** | LAJ |
| 6/9/2023 | 8:23 AM | GNOT | SEE ENCLOSED ORDER-AFFIDAVIT OF HARDSHIP DENIED | LAJ |

| Date | Time | Code | Description | |
|---|---|---|---|---|
| 6/9/2023 | 8:23 AM | GNOT | YOU WILL NEED TO PAY FILING FEE OF $509.00 | LAJ |
| 6/9/2023 | 8:23 AM | GNOT | (MONEY ORDER OR CASHIER | LAJ |
| 6/9/2023 | 8:23 AM | GNOT | ***************** END OF NOTICE ***************** | LAJ |
| 6/9/2023 | 8:26 AM | GNOT | *** NOTICE ISSUED: C001 PARTY ********************* | LAJ |
| 6/9/2023 | 8:26 AM | GNOT | SEE ENCLOSED ORDER-AFFIDAVIT OF HARDSHIP DENIED | LAJ |
| 6/9/2023 | 8:27 AM | GNOT | YOU WILL NEED TO PAY FILING FEE OF $509.00 | LAJ |
| 6/9/2023 | 8:27 AM | GNOT | DO NOT ACCEPT PERSONAL CHECKS, ONLY MONEY ORDER | LAJ |
| 6/9/2023 | 8:27 AM | GNOT | OR CASHIER'S CHECK | LAJ |
| 6/9/2023 | 8:27 AM | GNOT | ***************** END OF NOTICE ***************** | LAJ |
| 6/9/2023 | 8:27 AM | GNOT | IN 14 DAYS OR YOU CASE CAN BE DISMISSED. WE | LAJ |
| 6/28/2023 | 4:11 PM | JEORDE | ORDER E-FILED - ORDER - CASE DISMISSED - RENDERED & ENTERED: 6/28/2023 4:11:14 PM | |
| 6/28/2023 | 4:11 PM | ---- | SCANNED - ORDER - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 6/28/2023 | 4:16 PM | STAT | CASE ASSIGNED STATUS OF: DISPOSED        (AV01) | CHW |
| 6/28/2023 | 4:16 PM | DISP | DISPOSED ON: 06/28/2023 BY (DISM W/O PREJ) (AV01) | CHW |
| 6/28/2023 | 4:16 PM | CACJ | COURT ACTION JUDGE: JODY W. BISHOP        (AV01) | CHW |
| 6/28/2023 | 4:16 PM | PDIS | C001 DISPOSED BY (DISM W/O PREJ) ON 06/28/2023 | CHW |
| 6/28/2023 | 4:16 PM | PDIS | D001 DISPOSED BY (DISM W/O PREJ) ON 06/28/2023 | CHW |
| 7/24/2023 | 8:43 AM | EMOT | C001-OTHER - AFFIDAVIT OF HARDSHIP FILED ON 7/21/2023 8:43 AM. | BEJ |
| 7/25/2023 | 11:01 AM | JEORDE | ORDER GENERATED FOR OTHER - AFFIDAVIT OF HARDSHIP - RENDERED & ENTERED: 7/25/2023 11:01:04 AM - ORDER | |
| 7/25/2023 | 3:11 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | CHW |
| 7/25/2023 | 3:11 PM | VDCA | COURT ACTION ENTRY REVISED        (AV01) | CHW |
| 7/25/2023 | 3:12 PM | C001 | INDIGENT FLAG SET TO: Y        (AV02) | CHW |
| 7/25/2023 | 3:12 PM | C001 | C001 COURT ACTION ENTRY REVISED        (AV02) | CHW |
| 7/25/2023 | 3:12 PM | D001 | D001 COURT ACTION ENTRY REVISED        (AV02) | CHW |
| 7/25/2023 | 3:12 PM | D001 | SHERIFF ISSUED: 07/25/2023 TO D001        (AV02) | CHW |
| 7/25/2023 | 3:21 PM | ESCAN | SCAN - FILED 7/25/2023 - SUMMONS ISSUED | CHW |
| 8/2/2023 | 11:49 AM | D001 | RETURN OF NOT FOUND ON 07/31/2023 FOR D001 (AV02) | LAJ |
| 8/2/2023 | 11:49 AM | ESERC | SERVICE RETURN | BEJ |
| 8/17/2023 | 8:32 AM | D001 | D001 ADDR1 CHANGED FROM: 4931 BATTLESHIP PKWY | LAJ |
| 8/17/2023 | 8:50 AM | ESCAN | SCAN - FILED 8/16/2023 - CHANGE OF ADDRESS | LAJ |
| 8/17/2023 | 8:54 AM | C001 | C001 NAME CHANGED FROM: LACEY ADRIAN L        (AV02) | LAJ |
| 8/17/2023 | 8:54 AM | C001 | C001 ADDR1 CHANGED FROM: 2889 SOLLIE RD., #1509 | LAJ |
| 8/17/2023 | 8:54 AM | C001 | C001 ADDR CITY CHANGED FROM: MOBILE        (AV02) | LAJ |
| 8/17/2023 | 9:03 AM | GNOT | *** NOTICE ISSUED: C001 PARTY ********************* | LAJ |
| 8/17/2023 | 9:03 AM | GNOT | SEE ENCLOSED | LAJ |
| 8/17/2023 | 9:03 AM | GNOT | ***************** END OF NOTICE ***************** | LAJ |
| 9/11/2023 | 1:12 PM | D002 | D002 PARTY ADDED: LYMON LUCY MAY        (AV02) | CHW |
| 9/11/2023 | 1:12 PM | D002 | INDIGENT FLAG SET TO: N        (AV02) | CHW |
| 9/11/2023 | 1:12 PM | D002 | D002 E-ORDER FLAG SET TO "Y"        (AV02) | CHW |
| 9/11/2023 | 1:13 PM | D001 | REISSUE OF SHERIFF ON 09/11/2023 FOR D001 (AV02) | CHW |
| 9/11/2023 | 1:13 PM | D002 | SHERIFF ISSUED: 09/11/2023 TO D002        (AV02) | CHW |
| 9/11/2023 | 1:21 PM | ESCAN | SCAN - FILED 9/11/2023 - ALIAS SUMMONS | CHW |
| 9/11/2023 | 1:23 PM | ESCAN | SCAN - FILED 9/11/2023 - SUMMONS ISSUED | CHW |
| 9/15/2023 | 1:40 PM | D002 | SERVICE OF SERVED PERSON ON 09/13/2023 FOR D002 | LAJ |
| 9/15/2023 | 1:41 PM | ESERC | SERVICE RETURN | BEJ |
| 9/15/2023 | 1:41 PM | D001 | SERVICE OF SERVED PERSON ON 09/13/2023 FOR D001 | LAJ |
| 9/15/2023 | 1:42 PM | ESERC | SERVICE RETURN | BEJ |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 5/22/2023 12:00:01 AM | 1 | COMPLAINT | COVER SHEET | 11 |
| 5/23/2023 9:24:18 AM | 2 | DOCKETED MOTION | MOTION - OTHER - AFFIDAVIT OF HARDSHIP DOCKETED MOTION - Other - affidavit of hardship | 3 |

| Date/Time | # | Type | Description | Count |
|---|---|---|---|---|
| 5/24/2023 10:57:25 AM | 3 | ORDER | MOTION DENIED - Other | 1 |
| 5/24/2023 10:57:27 AM | 4 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 6/7/2023 2:44:54 PM | 5 | DOCKETED MOTION | MOTION - OTHER - AFFIDAVIT OF SUBSTANTIAL HARDSHIP DOCKETED MOTION - Other - AFFIDAVIT OF SUBSTANTIAL HARDSHIP | 3 |
| 6/8/2023 3:34:06 PM | 6 | ORDER | MOTION DENIED - Other | 1 |
| 6/8/2023 3:34:08 PM | 7 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 6/28/2023 4:11:22 PM | 8 | ORDER | CASE DISMISSED | 1 |
| 6/28/2023 4:11:21 PM | 9 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 7/24/2023 8:44:04 AM | 10 | DOCKETED MOTION | MOTION - OTHER - AFFIDAVIT OF HARDSHIP DOCKETED MOTION - Other - affidavit of hardship | 5 |
| 7/25/2023 11:01:12 AM | 11 | ORDER | MOTION GRANTED - AFFIDAVIT OF HARDSHIP / CASE REINSTATED | 1 |
| 7/25/2023 11:01:19 AM | 12 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 7/25/2023 3:22:00 PM | 13 | SUMMONS ISSUED | D001 SHERIFF | 12 |
| 8/2/2023 11:49:52 AM | 14 | SERVICE RETURN | SERVICE RETURN | 1 |
| 8/2/2023 11:50:19 AM | 15 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 8/16/2023 12:00:16 AM | 16 | CHANGE OF ADDRESS | | 1 |
| 9/11/2023 1:22:07 PM | 17 | ALIAS SUMMONS | D001 SHERIFF | 12 |
| 9/11/2023 1:23:30 PM | 18 | SUMMONS ISSUED | D002 SHERIFF | 12 |
| 9/15/2023 1:41:43 PM | 19 | SERVICE RETURN | SERVICE RETURN | 1 |
| 9/15/2023 1:41:51 PM | 20 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 9/15/2023 1:42:31 PM | 21 | SERVICE RETURN | SERVICE RETURN | 1 |
| 9/15/2023 1:42:40 PM | 22 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 *END OF THE REPORT*

IN THE 28TH JUDICIAL CIRCUIT COURT
FOR BALDWIN COUNTY ALABAMA

ADRIAN LACEY,                          §
                                       §
            PLAINTIFF,                  §
                                       §
vs.                                    §        CASE NO.: (V 23-900585
                                       §
KEETONS CORRECTIONS,                   §
LUCY MAY LYMON, AND                    §
UNNAMED DEFENDANTS.                    §

CIVIL COMPLAINT AND LAWSUIT

COMES NOW, ADRIAN LACEY, in this civil suit against Keetons Corrections
and named defendants including Lucy May Lymon in their official capacity,
located in Spanish Fort, Alabama, for violating his Eighth Amendment Const-
itutional Rights by allowing his specimen to be substituted, altered, and
taampered with which caused him to directly and indirectly lose one-hundred
and fifty-seven (157) good conduct time days in the Bureau of Prisons's
sentence he was or is serving.

FACTS OF THE CASE

Plaintiff was sent to Keeton Corrections on July 19, 2022 to serve
out the remainder of his sentence which at that time ended on December 13,
2022. Keeton's is a halfway house for federal inmates in Bureau of Prisons
custody. On July 20, 2022 Plaintiff submitted a urine analysis sample. On
July 28, 2022, lab results from Redwood Toxicology Labratory were returned
and indicated that the sample from July 20, 2022, was positive for THC.

-1-

On July 29 Plaintiff was arrested and taken into the custody of the Baldwin County Sheriff's department and booked into the Baldwin County Jail. Plaintiff was given another urine analysis at Baldwin County docket by a nurse. Once the Plaintiff was in general population around other inmates, he met other inmates that were previously at Keeton Corrections but were arrested before he arrived from federal prison.

Amongst other things, some of these inmates spoke of how Urine Analysis tampering was amiss at Keeton's and how Director Lymon was involved. Plaintiff then called from the county jail and spoke to Case Manager Jackson to inquire about his results from the July 26 and 27 urine samples that he submitted. Case Manager Jackson then informed the Plaintiff that his samples were negative. She then informed Plaintiff that the July 20th **urine sample that was positive had 19 nanograms of THC. The July 26th and** 27th samples should still have been positive in that case.

Plaintiff then contacted medical through the kiosk and inquired about his urine sample results from the Baldwin County Jail. He was informed that his results were negative as well. Plaintiff was then released back to Keetons after serving thirty days. Plaintiff then filed several administrative remedies to the BOP, but they were all rejected in turn. Then months later Plaintiff received his first break. He received an email and text message from two different people informing him that he had been set-up by having his specimen sample substituted or altered. Additionally, they sent Plaintiff the videos to support these allegations.

The messages also requested a monetary payment of $150.00 for the videos. The messages also asserted that Director Lucy Lymon was involved in the scandal.

DOCUMENT 1

On January 12, 2022, in a conference call with residential reentry manager David Potts, whom is with the Bureau of Prisons and Director Lymon, Plaintiff informed Manager Potts about these disturbing messages. After sending these messages to the BOP and Keetons by email so Mrs. Lymon could also view them, she stated that tampering with specimens is impossible because the locker in the cleaning supply closet where the specimen samples are kept are secured properly with a lock. She then stated that the locker has a lock or key to keep it secured.

Plaintiff had been at Keetons since July 19, 2022, and had submitted four urine samples a month, but had never seen a lock or the locker secured. In fact no staff monitor had ever unlocked the locker since no key or lock had ever been in existence. This is something that all staff and inmates, both former and current would attest to before January 17, 2023 which is when a sign was placed on the door stating no inmates allowed and the locker finally was locked according to staff.

On January 12, 2022, Plaintiff left this meeting with Potts and Lymon and went to the cleaning room which has no video surveillance and recorded himself entering the unlocked specimen locker. There was a staff monitor, Eric Bush, present in this video as well. Plaintiff pretends to look for a pillow inside the specimen locker which he opens the unsecured locker while recording himself entering the unsecured locker. He shows the live specimen sample in the FedEx bag waiting to be picked up by a FedEx carrier. Also, additionally you can see the unused specimen cups in the same locker making it easily accessible to anyone who wishes to tamper with said specimens. Then ironically Monitor Bush moves to the locker and starts bagging specimen cups in another FedEx bag because the cups were all over the locker and falling out of the FedEx bag that they had initally been in.

Plaintiff then asks Monitor Bush what date it is and which Bush responds to by saying January 12th. Plaintiff then states tomorrow is Friday the 13th. Bush responds with Yep.

On a similar occasion, Plaintiff records the locker unsecured by asking a monitor to open the locker for him while he openly records. When the monitor opens the locker Plaintiff sticks the phone inside the locker and states: This is where they keep the U.A.s at Plaintiff then asks the monitor to close the locker. What happens after he closes the locker is mouthdropping. The monitor exits the room and leaves the Plaintiff inside the room or closet around the unsecured locker and goes back to work at the front desk. Plaintiff records the monitor leaving the room and turns the camera back to the locker that was never locked or unlocked.

On January 17, 2023, Plaintiff emailed the two videos he recorded along with the videos sent to him showing someone entering the unsecured locker removing specimen samples and playing with the latch on the locker to BOP representative David Potts. Plaintiff told Potts that the Director lied when she stated that the locker has a lock and stays locked. Plaintiff was charged and arrested for recording staff. A sign was then placed on the door stating no inmates were allowed beyond a certain point. The sign is dated January 17, 2023. The exact day the Plaintiff sent the videos to the BOP. However, the damage had been done to Plaintiff and other inmates alike.

-4-

### NEGLIGENCE/BREACH OF DUTY

We define negligence as conduct that falls below the level necessary to preotect others against unreasonable risks of harm. The elements of a negligence case – the things the plaintiff must prove to recover are: (1) a **breach of duty** by the defendant; (2) actual injury suffered by the plaintiff, and; (3) actual and proximate causation between the breach and the injury.

As asserted in the above mentioned Keeton Corrections and its staff breached their duty of retrieving and safegaurding specimens by failing to properly lock and secure the secure  the specimen locker that held inmates urine analysis tests. Plaintiff and other inmates unnumbered suffered positive **U.A. results as a result of this breach of duty by the defendants which led** to Plaintiff and others to unlawfully lose good time credits and increase their incarceration date. Furthermore, to show actual and proximate causation Plaintiff points to the videos of an inmate inside the specimen locker tampering with urine samples unattended and the missing lab tests he submitted but have no lab results from Redwood Lab to support the tests he and others submitted. This is all in account to the defendants breach of duty in keeping the specimens locker secured at all times and keeping a log of who and when the locker was entered.

These violations incurred by the defendants ended up in the Plaintiff's civil rights being violated as a result of the defendants negligent behavior.

## EIGHTH AMENDMENT VIOLATION

Plaintiff asserts that he was subjected to cruel and unusual punishment when he was sent back to jail and prison as a result of his specimen being tampered with, he in addition suffered a loss of one-hundred fifty-seven

good conduct time days being forfeited due to this breach of "chain of custody". Plaintiff was forced to spend the holidays in Baldwin County Jail. Plaintiff lost significant wages while being incarcerated for the one-hundred and fifty-seven days. He also experienced chagrin, teeth grinding, high blood pressure and contracted COVID-19 while in custody after December 13, 2022, which was his original date before his specimen was tampered with at Keeton Corrections.

## FOURTEENTH AMENDMENT VIOLATION

Plaintiff asserts that the above names defendants violated his rights to life, liberty, and due process protection of the law when they failed to properly secure the live specimen locker. By not securing the locker is not enough to prove tampering, a breah of chain of custody. The Plaintiff needs to show evidence of tampering, altering, substitution, or bad faith by the defendant.

However, in this case Plaintiff has video evidence showing an inmate with his hand in the FedEx bag removing and touching live specimens outside the presence of staff. There is a protected interest in a specimen for drug testing which causes a due process right to be attached. When a specimen tests positive, an inmate loses GCT which causes him/her to have to remain in prison longer.

So when Keetons failed to EVER place a lock on the specimen locker this resulted in inmates tampering with either their own samples or the samples of other inmates'. In fact to additionally prove tampering outside the inflammatory videos, Plaintiff asserts that inmates took the entire FedEx bag on multiple occasions. A review will show a lot of inmates including the Plaintiff have missing lab results. Plaintiff has seen other inmates with the FedEx bag outside of the supply room on previous occasions containing his specimen. This was in September or October of 2022. There is no chain of custody. Staff are not required to docket when they enter the specimen locker as showin in the videos.

When a resident or inmate submits a urine sample they sign an electronic pad indicating the date and time that they submitted their sample. When a review is done, this court will witness how there are a lot of missing lab results that are supposed to match with the date that they were submitted. So you have signatures with no lab results. Shannon Tresevant, a former resident will attest to how he took the whole bag on occasions to prevent testing of his specimens. Director Lymon is and was aware of these missing lab results that are supposed to match the signatures but never once addressed this misconduct. As stated in the text and email sent to Plaintiff, she was more likely than not involved in the scandal.

Director Lymon filed bankruptcy in 2019, and also suffers from a gambling addiction. So she more than likely benefitted from the scandal since some inmates said they sometimes left money in the locker for "Boss Lady." In her own words she has been doing this for over twenty-four years.

All residents have a protected interest and a due process of equal protection of the law attached to the specimens, which means Keetons

-7-

Corrections and the BOP had an obligation to secure and protect the urine samples since a positive test result means a loss of GCT and can possibly extend an inmate's sentence.

The videos Plaintiff sent to the BOP officials show an inmate with his hand in the FedEx bag removing a live specimen cup that had been previously submitted and bagged. Due to the specimen cup being already in the bag, the adhesive tamper proof label which contains the inmates initials and date is hard to see. So it is hard to determine whose urine sample it was or wasn't. Plaintiff is going to ask this Court to force Keetons to reveal all inmates whom tested positive because it is possible that their urine samples were tampered with along with the gross negligence displayed by Keeton's Corrections and its staff members. It is impossible to know whose sample he/she tampered with before or after the videos. Two things this court should be able to discern from the videos and the missing or stolen urine samples, is clearly that the chain of custody was broken, and tampering at the very least did occur.

No resident should have had access to the specimen locker, especially with the room or closet being unmonitored. In fact the videos depict an even more peculiar question. Has staff ever tampered with residents' specimen samples since there is no log and the specimen cups are not safely secured until FedEx comes to pick up the live specimen bags.

## RESPONDEAT SUPERIOR

Plaintiff asserts that under Respondeat Superior Keeton Corrections is responsible for supervising and training their employees on how to handle

specimen samples. Therefore, due to the mishandling of specimens of specimens which led to that Plaintiff's constitutional due process rights being violated, Keeton Corrections became liable for all action surmounting from the negligence and malicious acts of all employees of Keeton Corrections.

Residents and staff monitors made money from the unsecured locker. Monitors looked the other way while residents substituted or destroyed their own possible positive urine samples. Some residents also tampered with other inmate's specimen samples if they benefitted with monetary gains from it.

As shown in the videos recorded by Plaintiff, Keeton's employees handling of the specimen locker showed lack of training at handling specimen samples. Keeton's failed to properly train and supervise Director Lymon on the proper procedures in dealing with DNA specimen samples. Staff failed to keep a log of who and when the locker was entered.

More importantly, Keeton's failed to train and supervise its employees on the importance of locking the specimen locker. The videos will thoroughly support these allegations.

### CONCLUSION

As a requisite to fairness Plaintiff requests that Keeton and its employees both named and unnamed pay the sum on one point eight million dollars for punitive damages; an additional one point five million dollars in compensatory damages; and finally one point two million dollars for pain ande suffering.

Respectfully submitted this _16_ day of May 2023.

Adrian Lacey

4/12/23

Clerk of Court


    I am currently incarcerated at
Forrest City Medium in Arkansas
until May 19, 2023 which is
when my sentence ends. After
May 20, 2023 my address
will be 2889 Sollie Rd #1509
Mobile Al 36695.


Sincerely

Adrian Jay

CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

MAY 2 2 2023

CIRCUIT CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.9/18 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>CTV 2023 900005 85-<br>Date of Filing:            Judge Code:<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF **Baldwin County**, ALABAMA
*(Name of County)*

**Adrian L. Lacey**                    v.    **Keeton Corrections**
**Plaintiff**                                **Defendant**

| **First Plaintiff** | ☐ Business  ☑ Individual<br>☐ Government  ☐ Other | **First Defendant** | ☑ Business  ☐ Individual<br>☐ Government  ☐ Other |
|---|---|---|---|

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ LORP - Petition for Order of Limited Relief
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*    F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                          DISTRICT COURT
                    R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
_____        *Adrian L. Lacey*
              Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☐ Yes  ☐ No



CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

MAY 22 2023

CIRCUIT CLERK

| State of Alabama<br>Unified Judicial System<br><br>**Form C-10-CIVIL**<br>Page 1 of 3    Rev. 9/2019 | **AFFIDAVIT OF SUBSTANTIAL**<br>**HARDSHIP AND ORDER**<br>(Request to Waive Filing Fees) | **Court Case Number**<br><br>CV23 900585 |
|---|---|---|

IN THE _____Circuit_____ COURT OF _Baldwin_ **COUNTY, ALABAMA**
(Circuit or District)                    (Name of County)

**STYLE OF CASE:** _Adrian Lacey_ v. _Keeton Corrections_
(Plaintiff(s))                    (Defendant(s))

☑ I, because of financial hardship, am unable to pay the fees and costs in this case.  I request that payment of these fees and costs be waived initially and taxed as costs at the conclusion of the case.

---

**AFFIDAVIT**

1. IDENTIFICATION

   Full Name _Adrian Lacey_ Date of Birth _7/16/78_
   Spouse's Full Name (if married) _____
   Complete Home Address _2889 Sollie Rd #1509, Mobile Ala 36695_

   Total Number of People I am Supporting Financially in Household Including Myself _5_
   Telephone Number (Cell) _251 504-1807_ (Home) _____ (Other) _____
   State & Last 4 Digits of Driver License's Number _9811_ Last 4 Digits of Social Security Number _7261_
   Employer's Name & Address _N/A_ Employer's Telephone Number _____

2. ASSISTANCE BENEFITS

   Some of the residents in my household or I receive benefits from any of the following sources (*check those which apply*)
   ☐ Temporary Assistance for Needy Families (TANF)   ☐ Food Stamps   ☐ Medicaid
   ☐ Social Security Income (SSI)   ☐ Disability   ☐ Other:_____
   The monthly value of these benefits combined is $_____.

3. INCOME/EXPENSE
   STATEMENT

   Monthly Gross Income:
   My monthly gross income is                                                                 $ _0_
   My spouse's monthly gross income (unless a marital offense) is                  $ _____
   My other monthly earnings (commissions, bonuses, interest income, etc.) are $ _____
   The combined monthly income received by other members of my household is  $ _____
   Monthly Unemployment / Worker's Compensation, Social Security, Retirements, etc.  $ _____
   Child Support Payment(s)/Alimony Received                                           $ _____
   Other Monthly Income (*be specific*): _____                             $ _____
                              3a. TOTAL MONTHLY GROSS INCOME              $ _0_

   The Monthly Expenses I pay are:

   Rent/Mortgage                                                             $ _____
   Total Utilities: Gas, Electricity, Water, etc.                          $ _____
   Food                                                                     $ _____
   Clothing                                                                 $ _____
   Health Care/Medical Insurance                                           $ _____
   Car Payment(s)/Transportation Expenses                                  $ _____
   Loan Payment(s)                                                          $ _____
   Credit Card Payment(s) _____                                      $ _____
   Educational/Employment Expenses                                         $ _____
   Cell Phone Expenses                                                      $ _____
   Other Expenses (*be specific*): _____
   _____                                                              $ _____

   **3b. Subtotal**                                                         $ _____

   3c. Child Support Payment(s)/Alimony (Subtotal)                         $ _____

   3d. Exceptional Expenses (Subtotal)                                     $ _____

   **3e.TOTAL MONTHLY EXPENSES (Add totals from 3b., 3c.,& 3d. monthly only)**  $ _____

   **Total Monthly Gross Income (3a.) Minus Total Monthly Expenses (3e.)**  $ _0_

CIRCUIT COURT
FILED BALDWIN COUNTY, AL
(BAY MINETTE)
MAY 2 2 2023
CIRCUIT CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form C-10-CIVIL<br>Page 2 of 3   Rev. 9/2019 | **AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER**<br>(Request to Waive Filing Fees) | **Court Case Number**<br><br>CV23 900585 |
|---|---|---|

4.   Assets
       My assets are as follows:
       Cash on Hand/Bank *(or otherwise available such as stocks,*
       *bonds, certificates of deposit)*                                                                    $ _____

       Equity in Real Estate (value of properly less what you owe)          $ _____
       Equity in Personal Property, etc. (such as the value of motor
       vehicles, stereo, TV, electronics, furnishing, jewelry, tools, guns, less     $ _____
       what you owe)
       Other (*be specific*): _____            $ _____
       Do you own anything else of value? ☐ Yes  ☑ No
       (land, house, boat, TV, stereo, jewelry)
       If so, describe: _____              $ _____

       Total Assets                                                                                  $ _0_____

5.   Affidavit/Request

I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or
answer to any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized
representative to obtain records of information pertaining to my financial status from any source in order to verify information
provided by me.  I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may
require me to pay all or part of the fees and expenses of my court-appointed counsel, in addition to all or part of the costs
associated with this case.


Sworn to and subscribed before me this                                    *Adrian L Lacey*
                                                                                                    *(Affiant's Signature)*

_____day of_____, _____          *Adrian Lacey*
                                                                                                    *(Print or Type Name)*
_____
*(Judge/Clerk/Notary)*

| State of Alabama Unified Judicial System | **ORDER ON AFFIDAVIT OF** | Court Case Number |
|---|---|---|
| Form C-10-CIVIL<br>Page 3 of 3    Rev. 9/2019 | **SUBSTANTIAL HARDSHIP**<br>(Request to Waive Filing Fees) | *CV23 900585* |

**IN THE** *Circuit* ___ **COURT OF** *Baldwin County* ___ , **ALABAMA**
(Circuit or District)                            (Name of County or Municipality)

*Adrian Lacey* ___ **v.** *Keeton Corrections, etc* ___

The Court has considered the Affiant's testimony, his or her poverty level as measured by the United States poverty guidelines and the potential for substantial hardship that payment by the Affiant would cause.  IT IS, THEREFORE, ORDERED AND ADJUDGED BY THE COURT AS FOLLOWS:

☐ **The request is DENIED.**
    ☐ The Court finds that the Affiant is **NOT INDIGENT** and the Affiant's income is not within the United States poverty guidelines or the Affiant has the resources to pay for the requested items without substantial hardship:
_____.
    ☐ The case or situation is not one for which the request is applicable.
    ☐ Other *(please specify):* _____
_____.

☐ **The Affiant is INDIGENT**. Therefore, the prepayment of filing fees and costs is hereby waived, and these fees and costs shall be taxed at the conclusion of the case.

☐ Other *(please specify):* _____
_____.

IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of expenses, fees, and costs.

Done this _____ .
    *(Date)*

                    *(Signature of* _____ *, Judge)*
                              *(Printed Name)*

ELECTRONICALLY FILED
5/24/2023 10:57 AM
05-CV-2023-900585.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

LACEY ADRIAN L,                                )
Plaintiff,                                     )
                                               )
V.                                             )  Case No.:     CV-2023-900585.00
                                               )
KEETON CORRECTIONS,                            )
Defendant.                                     )

## ORDER

AFFIDAVIT OF HARDSHIP filed by LACEY ADRIAN L is hereby DENIED AS NOT COMPLETED OR NOTARIZED.

**DONE this 24th day of May, 2023.**

**/s/ JODY W. BISHOP**
**CIRCUIT JUDGE**



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:   LACEY ADRIAN L (PRO SE)
      2889 SOLLIE RD., #1509
      MOBILE, AL, 36695-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 5/24/2023 10:57:22 AM

ORDER

[Filer: ]

Disposition:    DENIED
Judge:          JWB

Notice Date:    5/24/2023 10:57:22 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:   KEETON CORRECTIONS (PRO SE)
      4931 BATTLESHIP PKWY
      SPANISH FORT, AL, 36527-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 5/24/2023 10:57:22 AM

ORDER

[Filer: ]

Disposition:   DENIED
Judge:         JWB

Notice Date:   5/24/2023 10:57:22 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-10-CIVIL<br>Page 1 of 3   Rev. 9/2019 | **AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER**<br><br>(Request to Waive Filing Fees) | **Court Case Number**<br><br>CV23 900585 |

IN THE ___*Circuit*___ COURT OF ___*Baldwin*___ COUNTY, ALABAMA
(Circuit or District)                    (Name of County)

STYLE OF CASE: ___*Adrian Lacey*___ v. ___*Keeton Corrections*___
(Plaintiff(s))                    (Defendant(s))

☑ I, because of financial hardship, am unable to pay the fees and costs in this case.  I request that payment of these fees and costs be waived initially and taxed as costs at the conclusion of the case.

---

**AFFIDAVIT**

1. IDENTIFICATION

   Full Name *Adrian Lacey*                    Date of Birth *7/16/78*
   Spouse's Full Name (if married) _____
   Complete Home Address *2889 Sollie Rd #1509, Mobile Ala 36695*

   Total Number of People I am Supporting Financially in Household Including Myself *5*
   Telephone Number (Cell) *251 504-1807* (Home) _____ (Other) _____
   State & Last 4 Digits of Driver License's Number *9811*   Last 4 Digits of Social Security Number *7261*
   Employer's Name & Address *N/A*                    Employer's Telephone Number _____

2. ASSISTANCE BENEFITS

   Some of the residents in my household or I receive benefits from any of the following sources (*check those which apply*)
   ☐ Temporary Assistance for Needy Families (TANF)    ☐ Food Stamps    ☐ Medicaid
   ☐ Social Security Income (SSI)    ☐ Disability    ☐ Other: _____
   The monthly value of these benefits combined is $_____.

3. INCOME/EXPENSE
   STATEMENT

   Monthly Gross Income:
   | | |
   |---|---|
   | My monthly gross income is | $ *0* |
   | My spouse's monthly gross income (unless a marital offense) is | $ |
   | My other monthly earnings (commissions, bonuses, interest income, etc.) are | $ |
   | The combined monthly income received by other members of my household is | $ |
   | Monthly Unemployment / Worker's Compensation, Social Security, Retirements, etc. | $ |
   | Child Support Payment(s)/Alimony Received | $ |
   | Other Monthly Income (*be specific*): _____ | $ |
   | 3a. TOTAL MONTHLY GROSS INCOME | $ *0* |

   The Monthly Expenses I pay are:

   | | |
   |---|---|
   | Rent/Mortgage | $ |
   | Total Utilities: Gas, Electricity, Water, etc. | $ |
   | Food | $ |
   | Clothing | $ |
   | Health Care/Medical Insurance | $ |
   | Car Payment(s)/Transportation Expenses | $ |
   | Loan Payment(s) | $ |
   | Credit Card Payment(s) _____ | $ |
   | Educational/Employment Expenses | $ |
   | Cell Phone Expenses | $ |
   | Other Expenses (*be specific*): _____ | $ |

   | | |
   |---|---|
   | **3b. Subtotal** | $ |
   | 3c. Child Support Payment(s)/Alimony (Subtotal) | $ |
   | 3d. Exceptional Expenses (Subtotal) | $ |
   | **3e.TOTAL MONTHLY EXPENSES (Add totals from 3b., 3c.,& 3d. monthly only)** | $ |
   | Total Monthly Gross Income (3a.) Minus Total Monthly Expenses (3e.) | $ *0* |

CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

MAY 2 2 2023

CIRCUIT CLERK

CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

JUN 0 7 2023

CIRCUIT CLERK

| State of Alabama<br>Unified Judicial System | **AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER**<br>(Request to Waive Filing Fees) | Court Case Number |
|---|---|---|
| Form C-10-CIVIL<br>Page 2 of 3  Rev. 9/2019 | | CV23 900585 |

4.  Assets
      My assets are as follows:
      Cash on Hand/Bank *(or otherwise available such as stocks,*
      *bonds, certificates of deposit)*                                                                              $ _____

      Equity in Real Estate (value of properly less what you owe)                           $ _____
      Equity in Personal Property, etc. (such as the value of motor
       vehicles, stereo, TV, electronics, furnishing, jewelry, tools, guns, less       $ _____
       what you owe)
      Other (*be specific*): _____                            $ _____
      Do you own anything else of value? ☐ Yes  ☒ No
      (land, house, boat, TV, stereo, jewelry)
       If so, describe: _____                                      $ _____

      Total Assets                                                                                                      $  0

5.  Affidavit/Request

      I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or
      answer to any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized
      representative to obtain records of information pertaining to my financial status from any source in order to verify information
      provided by me.  I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may
      require me to pay all or part of the fees and expenses of my court-appointed counsel, in addition to all or part of the costs
      associated with this case.


      Sworn to and subscribed before me this

      2nd   day of   June   , 2023                               _Adrian L. Lacey_
      _____                *(Affiant's Signature)*
      *(Judge/Clerk/Notary)*

                                                                            _Adrian Lacey_
                                                                            *(Print or Type Name)*

| State of Alabama<br>Unified Judicial System<br><br>Form C-10-CIVIL<br>Page 3 of 3    Rev. 9/2019 | **ORDER ON AFFIDAVIT OF**<br>**SUBSTANTIAL HARDSHIP**<br>(Request to Waive Filing Fees) | **Court Case Number**<br>CV23 900585 |

IN THE ___Circuit___ COURT OF ___Baldwin County___, **ALABAMA**
        (Circuit or District)                              (Name of County or Municipality)

___Adrian Lacey___ v. ___Keeton Corrections, etc___

The Court has considered the Affiant's testimony, his or her poverty level as measured by the United States poverty guidelines and the potential for substantial hardship that payment by the Affiant would cause. IT IS, THEREFORE, ORDERED AND ADJUDGED BY THE COURT AS FOLLOWS:

☐ **The request is DENIED.**
  ☐ The Court finds that the Affiant is **NOT INDIGENT** and the Affiant's income is not within the United States poverty guidelines or the Affiant has the resources to pay for the requested items without substantial hardship:
  _____.
  ☐ The case or situation is not one for which the request is applicable.
  ☐ Other (please specify):_____
  _____.

☐ **The Affiant is INDIGENT.** Therefore, the prepayment of filing fees and costs is hereby waived, and these fees and costs shall be taxed at the conclusion of the case.

☐ Other (please specify): _____
  _____.

IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of expenses, fees, and costs.

Done this _____.
            (Date)

                        (Signature of _____, Judge)
                                              (Printed Name)

ELECTRONICALLY FILED
6/8/2023 3:34 PM
05-CV-2023-900585.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

LACEY ADRIAN L,                )
Plaintiff,                     )
                               )
V.                             )  Case No.:    CV-2023-900585.00
                               )
KEETON CORRECTIONS,            )
Defendant.                     )

### ORDER

AFFIDAVIT OF SUBSTANTIAL HARDSHIP filed by LACEY ADRIAN L is hereby
DENIED.


**DONE this 8th day of June, 2023.**


                              **/s/ JODY W. BISHOP**
                              **CIRCUIT JUDGE**



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:   LACEY ADRIAN L (PRO SE)
2889 SOLLIE RD., #1509
MOBILE, AL, 36695-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 6/8/2023 3:34:00 PM

ORDER

[Filer: ]

Disposition:     DENIED
Judge:           JWB

Notice Date:     6/8/2023 3:34:00 PM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2023-900585.00
Judge: JODY W. BISHOP

To:  KEETON CORRECTIONS (PRO SE)
4931 BATTLESHIP PKWY
SPANISH FORT, AL, 36527-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 6/8/2023 3:34:00 PM

ORDER

[Filer: ]

Disposition:     DENIED
Judge:           JWB

Notice Date:     6/8/2023 3:34:00 PM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

ELECTRONICALLY FILED
6/28/2023 4:11 PM
05-CV-2023-900585.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| LACEY ADRIAN L, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2023-900585.00 |
| | ) |
| KEETON CORRECTIONS, | ) |
| Defendant. | ) |

### ORDER

Affidavit of Hardship having been denied and Defendant having been given 14 days to pay a filing fee and having failed to do so, case is dismissed.

**DONE this 28th day of June, 2023.**

**/s/ JODY W. BISHOP**

**CIRCUIT JUDGE**



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:   LACEY ADRIAN L (PRO SE)
      2889 SOLLIE RD., #1509
      MOBILE, AL, 36695-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

The following matter was FILED on 6/28/2023 4:11:14 PM

Notice Date:    6/28/2023 4:11:14 PM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:  KEETON CORRECTIONS (PRO SE)
     4931 BATTLESHIP PKWY
     SPANISH FORT, AL, 36527-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

The following matter was FILED on 6/28/2023 4:11:14 PM

Notice Date:     6/28/2023 4:11:14 PM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

| State of Alabama<br>Unified Judicial System | **AFFIDAVIT OF SUBSTANTIAL** | **Court Case Number** |
|---|---|---|
| **Form C-10-CIVIL**<br>**Page 1 of 3    Rev. 9/2019** | **HARDSHIP AND ORDER**<br>(Request to Waive Filing Fees) | CV-2023-900585.00 |

**IN THE** _Circuit_ **COURT OF** _Baldwin_ **COUNTY, ALABAMA**
(Circuit or District)                    (Name of County)

**STYLE OF CASE:** _Keeton Corrections, etc_ v. _Adrian L. Lacey_
(Plaintiff(s))                          (Defendant(s))

CIRCUIT COURT
BALDWIN COUNTY, AL

☑ I, because of financial hardship, am unable to pay the fees and costs in this case. I request that payment of these fees and costs be waived initially and taxed as costs at the conclusion of the case.

FILED - RAY MINETTE
JUL 21 2023

CIRCUIT CLERK

---

**AFFIDAVIT**

1. **IDENTIFICATION**

Full Name _Adrian Lacey_                    Date of Birth _7-16-78_
Spouse's Full Name (if married) _____
Complete Home Address _2889 Sollie Rd. #1509, Mobile Ala 36695_
Temporary Address _316 Court St. Brewton Al 36426 (Escambia County) Jail_
Total Number of People in Household Including Myself _6_
Telephone Number (Cell) _251 786 2166_ (Home) _____ (Other) _____
State & Last 4 Digits of Driver License's Number _9811_  Last 4 Digits of Social Security Number _7267_
Employer's Name & Address _N/A_  Employer's Telephone Number _____

2. **ASSISTANCE BENEFITS**

Some of the residents in my household or I receive benefits from any of the following sources (check those which apply)
☐ Temporary Assistance for Needy Families (TANF)   ☐ Food Stamps   ☐ Medicaid
☐ Social Security Income (SSI)   ☐ Disability   ☐ Other: _____
The monthly value of these benefits combined is $_0_.

3. **INCOME/EXPENSE STATEMENT**   " I am in Federal Custody"

Monthly Gross Income:

| | |
|---|---|
| My monthly gross income is | $ _0_ |
| My spouse's monthly gross income (unless a marital offense) is | $ _____ |
| My other monthly earnings (commissions, bonuses, interest income, etc.) are | $ _____ |
| The combined monthly income received by other members of my household is | $ _____ |
| Monthly Unemployment / Worker's Compensation, Social Security, Retirements, etc. | $ _____ |
| Child Support Payment(s)/Alimony Received | $ _____ |
| Other Monthly Income (be specific): _____ | $ _____ |
| 3a. TOTAL MONTHLY GROSS INCOME | $ _0_ |

I Am in Federal Custody.

The Monthly Expenses I pay are:

| | |
|---|---|
| Rent/Mortgage | $ _0_ |
| Total Utilities: Gas, Electricity, Water, etc. | $ _____ |
| Food | $ _____ |
| Clothing | $ _____ |
| Health Care/Medical Insurance | $ _____ |
| Car Payment(s)/Transportation Expenses | $ _509.00_ |
| Loan Payment(s) | $ _392.00_ |
| Credit Card Payment(s) _____ | $ _____ |
| Educational/Employment Expenses | $ _____ |
| Cell Phone Expenses | $ _____ |
| Other Expenses (be specific): _Loan for Attorney & legal expenses_ | $ _4500.00_ Total |
| | _$ 392.00 monthly_ |
| **3b. Subtotal** | $ _____ |
| 3c. Child Support Payment(s)/Alimony (Subtotal) | $ _____ |
| 3d. Exceptional Expenses (Subtotal) | $ _____ |
| **3e. TOTAL MONTHLY EXPENSES** (Add totals from 3b., 3c.,& 3d. monthly only) | $ _899.00_ |
| **Total Monthly Gross Income (3a.) Minus Total Monthly Expenses (3e.)** | $ _0 899.00_ expenses |

No Income

| State of Alabama Unified Judicial System | **AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER** (Request to Waive Filing Fees) | **Court Case Number** |
|---|---|---|
| Form C-10-CIVIL Page 2 of 3   Rev. 9/2019 | | |

4.  Assets

My assets are as follows:

Cash on Hand/Bank *(or otherwise available such as stocks, bonds, certificates of deposit)*                                    $ _____

Equity in Real Estate (value of properly less what you owe)         $ _____

Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, TV, electronics, furnishing, jewelry, tools, guns, less what you owe)                                                                                  $ _____

Other *(be specific)*: _____       $ _____

Do you own anything else of value? ☐ Yes ☑ No
(land, house, boat, TV, stereo, jewelry)

If so, describe: _____         $ _____

Total Assets                                                                              $ *0    NoNe*

5.  Affidavit/Request

I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me.  I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel, in addition to all or part of the costs associated with this case.

Sworn to and subscribed before me this

_____ day of _____, _____

_____
*(Judge/Clerk/Notary)*

*Adrian Lacey*
*(Affiant's Signature)*

*ADRIAN Lacey*
*(Print or Type Name)*

IN Exception for the 31 days I was out on Pre-trial I have been in federal custody for over 11 years and counting. The United States Probation Office will confirm this. Kim Reed is my probation officer. 251 441-6800. Also the US District Court can confirm this as well. 251 690 2371. If the abovementioned is incorrect or false prosecute me for perjury -

*Adrian L Lacey*

July 20, 2023

CASE No # CV-2023-900585.00

CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

JUL 21 2023

CIRCUIT CLERK

I, Adrian Lacey have been in federal custody Since March 26, 2012. I was sent to Keetons Corrections on July 19 2022 by Bureau of Prisons who Contracts with Keetons to integrate inmates back into society. Keetons is a federal halfway house. I was there for a totality of 102 days before being sent back to BOP custody. While there I Co signed for a car with my son in which my notes monthly are $907.00. I was released on May 19 2033 but was re-indicted by the federal government on May 16th 2023. I was given pretrial release on May 30th 2033. I took out two loans for a total of $4500.00 from Tower Loans to assist in securing me a defense lawyer. Those notes are $191.00 and $152.00 a month. I was detained June 21, 2023.

So I was out for 21 days. I am currently in Escambia County Jail in Brewton in federal custody. This can all be confirmed through the US Marshals Service for the Southern District of Alabama and US Probation Office through my probation officer Kim Reed 251 441-6800. I have no income or employment due to my incarceration. Again this can all be confirmed by the media, US District Court, US Marshals Service and/or US Probation Service. I am indigent and ask this court to approve my hardship to waive the fees.①

Respectfully Submitted

Adrian L. Lacey

Done on 20th day of July 2023.

① The Warden of Escambia County Jail is the only designated person to notorize. He is on a unknown vacation. Personnel here will verify this.

USA ★ FOREVER ★

MONTGOMERY AL 360

19 JUL 2023   PM 3   L

Baldwin County Circuit Court
312 Courthouse Square
Bay Minette ALa 36507

36507-48999

Adrian Lacey #900/341
316 Court St
Escambia County Jail
Brewton Al 36426

ELECTRONICALLY FILED
7/25/2023 11:01 AM
05-CV-2023-900585.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

LACEY ADRIAN L,                           )
Plaintiff,                                )
                                          )
V.                                        )    Case No.:    CV-2023-900585.00
                                          )
KEETON CORRECTIONS,                       )
Defendant.                                )

## ORDER

Case is hereby reinstated and AFFIDAVIT OF HARDSHIP filed by LACEY ADRIAN L is hereby GRANTED.


**DONE this 25th day of July, 2023.**


                          **/s/ JODY W. BISHOP**
                          **CIRCUIT JUDGE**



AlaFile E-Notice

05-CV-2023-900585.00
Judge: JODY W. BISHOP

To:   LACEY ADRIAN L (PRO SE)
      2889 SOLLIE RD., #1509
      MOBILE, AL, 36695-0000

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 7/25/2023 11:01:06 AM

ORDER
[Filer: ]

Disposition:    GRANTED
Judge:          JWB

Notice Date:    7/25/2023 11:01:06 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:  KEETON CORRECTIONS (PRO SE)
     4931 BATTLESHIP PKWY
     SPANISH FORT, AL, 36527-0000

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

A court action was entered in the above case on 7/25/2023 11:01:06 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           JWB

Notice Date:     7/25/2023 11:01:06 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

```
AVSO350                 ALABAMA JUDICIAL DATA CENTER
                        BALDWIN     COUNTY, ALABAMA
                            SUMMONS              CV 2023 900585.00
                            CIVIL               JODY W. BISHOP
```

----------------------------------------------------------------------

IN THE   CIRCUIT COURT OF   BALDWIN     COUNTY, ALABAMA
ADRIAN L LACEY VS KEETON CORRECTIONS

```
         SERVE ON: (D001)
         SSN:      -  -              PLAINTIFF'S ATTORNEY
         KEETON CORRECTIONS          *** PRO SE ***
         4931 BATTLESHIP PKWY                        ORIGINAL

         SPANISH FORT   ,AL  36527-0000
```

----------------------------------------------------------------------

NOTICE TO THE ABOVE-NAMED DEFENDANT:

 THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU
OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER,
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER
DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED
OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE ABOVE-NAMED PLAINTIFF(S) OR
ABOVE-NAMED ATTORNEY(S) OF THE PLAINTIFF(S) AT THE ABOVE ADDRESS(ES)
OF THE ATTORNEY(S).

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGEMENT BY DEFAULT
MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE
COMPLAINT OR OTHER DOCUMENT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER
WITH THE CLERK OF THIS COURT.

----------------------------------------------------------------------

 (X)    TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
        PROCEDURE TO SERVE PROCESS:
        YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
        COMPLAINT OR OTHER DOCUMENT IN THIS ACTION UPON THE
        ABOVE-NAMED DEFENDANT.

 ( )    SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
        WRITTEN REQUEST OF _____ PURSUANT TO THE ALABAMA
        RULES OF CIVIL PROCEDURE.

 DATE: 07/25/2023                 CLERK: BRENDA Q. GANEY
                                         312 COURTHOUSE SQUARE
                                         SUITE 10
                                         BAY MINETTE  AL   36507
                                         (251)937-0280

 ( )    CERTIFIED MAIL IS HEREBY REQUESTED   _____
                                              PLAINTIFF'S/ATTORNEY'S
                                                    SIGNATURE

----------------------------------------------------------------------

                          RETURN ON SERVICE

 ( )    RETURN RECEIPT OF CERTIFIED MAIL RECEIVED IN THIS OFFICE
        ON (DATE) _____    (RETURN RECEIPT HERETO ATTACHED)

 ( )    I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THIS SUMMONS AND

        COMPLAINT OR OTHER DOCUMENT TO _____

        IN _____ COUNTY, ALABAMA ON (DATE) _____


 _____         _____
 DATE                                    SERVER'S SIGNATURE

 _____         _____
 SERVER'S ADDRESS                        TYPE OF PROCESS SERVER

 _____
 SERVER'S PHONE NUMBER

----------------------------------------------------------------------

OPERATOR: CHW   PREPARED: 07/25/2023

DOCUMENT 13

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>CV 2003 900585 · □□ |
|---|---|---|

Form ARCiv-93   Rev.9/18 | | Date of Filing: □□ □□ □□□□   Judge Code: □□□□ |

Month   Day   Year

---

IN THE CIRCUIT COURT OF **Baldwin County**, ALABAMA

*(Name of County)*

**Adrian L. Lacey**
First Plaintiff   Plaintiff   v.   **Breton Corrections**
First Defendant   Defendant

| First Plaintiff | ☐ Business<br>☐ Government | ☑ Individual<br>☐ Other | First Defendant | ☑ Business<br>☐ Government | ☐ Individual<br>☐ Other |
|---|---|---|---|---|---|

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☑ TONG – Negligence: General
- ☐ TOMV – Negligence: Motor Vehicle
- ☐ TOWA – Wantonness
- ☐ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice-Medical
- ☐ TOLM – Malpractice-Legal
- ☐ TOOM – Malpractice-Other
- ☐ TBFM – Fraud/Bad Faith/Misrepresentation
- ☐ TOXX – Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE – Personal Property
- ☐ TORE – Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN – Abandoned Automobile
- ☐ ACCT – Account & Nonmortgage
- ☐ APAA – Administrative Agency Appeal
- ☐ ADPA – Administrative Procedure Act
- ☐ ANPS – Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX – Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT – Civil Rights
- ☐ COND – Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP – Contempt of Court
- ☐ CONT – Contract/Ejectment/Writ of Seizure
- ☐ TOCN – Conversion
- ☐ EQND – Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD – Eviction Appeal/Unlawful Detainer
- ☐ FORJ – Foreign Judgment
- ☐ FORF – Fruits of Crime Forfeiture
- ☐ MSHC – Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB – Protection From Abuse
- ☐ EPFA – Elder Protection From Abuse
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ RPRO – Real Property
- ☐ WTEG – Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP – Workers' Compensation
- ☐ LORP – Petition for Order of Limited Relief
- ☐ CVXX – Miscellaneous Circuit Civil Case

---

**ORIGIN** (check one):   F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER: _____

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:** □□□□□   _____   *Adrian L. Lacey*
Date   Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☐ Yes ☐ No



MAY 22 2023

IN THE 28TH JUDICIAL CIRCUIT COURT
FOR BALDWIN COUNTY ALABAMA

ADRIAN LACEY,                          §
                                       §
        PLAINTIFF,                     §
                                       §
vs.                                    §        CASE NO.: $\overline{(V\ 23\ 900585}$
                                       §
KEETONS CORRECTIONS,                   §
LUCY MAY LYMON, AND                    §
UNNAMED DEFENDANTS.                    §

## CIVIL COMPLAINT AND LAWSUIT

*MAY 22 2023*

COMES NOW, ADRIAN LACEY, in this civil suit against Keetons Corrections

and named defendants including Lucy May Lymon in their official capacity,

located in Spanish Fort, Alabama, for violating his Eighth Amendment Const-

itutional Rights by allowing his specimen to be substituted, altered, and

taampered with which caused him to directly and indirectly lose one-hundred

and fifty-seven (157) good conduct time days in the Bureau of Prisons's

sentence he was or is serving.

## FACTS OF THE CASE

Plaintiff was sent to Keeton Corrections on July 19, 2022 to serve

out the remainder of his sentence which at that time ended on December 13,

2022. Keeton's is a halfway house for federal inmates in Bureau of Prisons

custody. On July 20, 2022 Plaintiff submitted a urine analysis sample. On

July 28, 2022, lab results from Redwood Toxicology Labratory were returned

and indicated that the sample from July 20, 2022, was positive for THC.

-1-

On July 29 Plaintiff was arrested and taken into the custody of the Baldwin County Sheriff's department and booked into the Baldwin County Jail. Plaintiff was given another urine analysis at Baldwin County docket by a nurse. Once the Plaintiff was in general population around other inmates, he met other inmates that were previously at Keeton Corrections but were arrested before he arrived from federal prison.

Amongst other things, some of these inmates spoke of how Urine Analysis tampering was amiss at Keeton's and how Director Lymon was involved. Plaintiff then called from the county jail and spoke to Case Manager Jackson to inquire about his results from the July 26 and 27 urine samples that he submitted. Case Manager Jackson then informed the Plaintiff that his samples were negative. She then informed Plaintiff that the July 20th urine sample that was positive had 19 nanograms of THC. The July 26th and 27th samples should still have been positive in that case.

Plaintiff then contacted medical through the kiosk and inquired about his urine sample results from the Baldwin County Jail. He was informed that his results were negative as well. Plaintiff was then released back to Keetons after serving thirty days. Plaintiff then filed several administrative remedies to the BOP, but they were all rejected in turn. Then months later Plaintiff received his first break. He received an email and text message from two different people informing him that he had been set-up by having his specimen sample substituted or altered. Additionally, they sent Plaintiff the videos to support these allegations.

The messages also requested a monetary payment of $150.00 for the videos. The messages also asserted that Director Lucy Lymon was involved in the scandal.

On January 12, 2022, in a conference call with residential reentry manager David Potts, whom is with the Bureau of Prisons and Director Lymon, Plaintiff informed Manager Potts about these disturbing messages. After sending these messages to the BOP and Keetons by email so Mrs. Lymon could also view them, she stated that tampering with specimens is impossible because the locker in the cleaning supply closet where the specimen samples are kept are secured properly with a lock. She then stated that the locker has a lock or key to keep it secured.

Plaintiff had been at Keetons since July 19, 2022, and had submitted four urine samples a month, but had never seen a lock or the locker secured. In fact no staff monitor had ever unlocked the locker since no key or lock had ever been in existence. This is something that all staff and inmates, both former and current would attest to before January 17, 2023 which is when a sign was placed on the door stating no inmates allowed and the locker finally was locked according to staff.

On January 12, 2022, Plaintiff left this meeting with Potts and Lymon and went to the cleaning room which has no video surveillance and recorded himself entering the unlocked specimen locker. There was a staff monitor, Eric Bush, present in this video as well. Plaintiff pretends to look for a pillow inside the specimen locker which he opens the unsecured locker while recording himself entering the unsecured locker. He shows the live specimen sample in the FedEx bag waiting to be picked up by a FedEx carrier. Also, additionally you can see the unused specimen cups in the same locker making it easily accessible to anyone who wishes to tamper with said specimens. Then ironically Monitor Bush moves to the locker and starts bagging specimen cups in another FedEx bag because the cups were all over the locker and falling out of the FedEx bag that they had initally been in.

Plaintiff then asks Monitor Bush what date it is and which Bush responds to by saying January 12th. Plaintiff then states tomorrow is Friday the 13th. Bush responds with Yep.

On a similar occasion, Plaintiff records the locker unsecured by asking a monitor to open the locker for him while he openly records. When the monitor opens the locker Plaintiff sticks the phone inside the locker and states: This is where they keep the U.A.s at Plaintiff then asks the monitor to close the locker. What happens after he closes the locker is mouthdropping. The monitor exits the room and leaves the Plaintiff inside the room or closet around the unsecured locker and goes back to work at the front desk. Plaintiff records the monitor leaving the room and turns the camera back to the locker that was never locked or unlocked.

On January 17, 2023, Plaintiff emailed the two videos he recorded along with the videos sent to him showing someone entering the unsecured locker removing specimen samples and playing with the latch on the locker to BOP representative David Potts. Plaintiff told Potts that the  Director lied when she stated that the locker has a lock and stays locked. Plaintiff was charged and arrested for recording staff. A sign was then placed on the door stating no inmates were allowed beyond a certain point. The sign is dated January 17, 2023. The exact day the Plaintiff sent the videos to the BOP. However, the damage had been done to Plaintiff and other inmates alike.

## NEGLIGENCE/BREACH OF DUTY

We define negligence as conduct that falls below the level necessary to preotect others against unreasonable risks of harm. The elements of a negligence case - the things the plaintiff must prove to recover are: (1) a **breach of duty** by the defendant; (2) actual injury suffered by the plaintiff, and; (3) actual and proximate causation between the breach and the injury.

As asserted in the above mentioned Keeton Corrections and its staff breached their duty of retrieving and safegaurding specimens by failing to properly lock and secure the secure  the specimen locker that held inmates urine analysis tests. Plaintiff and other inmates unnumbered suffered positive **U.A. results as a result of this breach of duty by the defendants** which led to Plaintiff and others to unlawfully lose good time credits and increase their incarceration date. Furthermore, to show actual and proximate causation Plaintiff points to the videos of an inmate inside the specimen locker tampering with urine samples unattended and the missing lab tests he submitted but have no lab results from Redwood Lab to support the tests he and others submitted. This is all in account to the defendants breach of duty in keeping the specimens locker secured at all times and keeping a log of who and when the locker was entered.

These violations incurred by the defendants ended up in the Plaintiff's civil rights being violated as a result of the defendants negligent behavior.

## EIGHTH AMENDMENT VIOLATION

Plaintiff asserts that he was subjected to cruel and unusual punishment when he was sent back to jail and prison as a result of his specimen being tampered with, he in addition suffered a loss of one-hundred fifty-seven good conduct time days being forfeited due to this breach of "chain of custody". Plaintiff was forced to spend the holidays in Baldwin County Jail. Plaintiff lost significant wages while being incarcerated for the one-hundred and fifty-seven days. He also experienced chagrin, teeth grinding, high blood pressure and contracted COVID-19 while in custody after December 13, 2022, which was his original date before his specimen was tampered with at Keeton Corrections.

## FOURTEENTH AMENDMENT VIOLATION

Plaintiff asserts that the above names defendants violated his rights to life, liberty, and due process protection of the law when they failed to properly secure the live specimen locker. By not securing the locker is not enough to prove tampering, a breah of chain of custody. The Plaintiff needs to show evidence of tampering, altering, substitution, or bad faith by the defendant.

However, in this case Plaintiff has video evidence showing an inmate with his hand in the FedEx bag removing and touching live specimens outside the presence of staff. There is a protected interest in a specimen for drug testing which causes a due process right to be attached. When a specimen tests positive, an inmate loses GCT which causes him/her to have to remain in prison longer.

-6-

So when Keetons failed to EVER place a lock on the specimen locker this resulted in inmates tampering with either their own samples or the samples of other inmates'. In fact to additionally prove tampering outside the inflammatory videos, Plaintiff asserts that inmates took the entire FedEx bag on multiple occasions. A review will show a lot of inmates including the Plaintiff have missing lab results. Plaintiff has seen other inmates with the FedEx bag outside of the supply room on previous occasions containing his specimen. This was in September or October of 2022. There is no chain of custody. Staff are not required to docket when they enter the specimen locker as showin in the videos.

When a resident or inmate submits a urine sample they sign an electronic pad indicating the date and time that they submitted their sample. When a review is done, this court will witness how there are a lot of missing lab results that are supposed to match with the date that they were submitted. So you have signatures with no lab results. Shannon Tresevant, a former resident will attest to how he took the whole bag on occasions to prevent testing of his specimens. Director Lymon is and was aware of these missing lab results that are supposed to match the signatures but never once addressed this misconduct. As stated in the text and email sent to Plaintiff, she was more likely than not involved in the scandal.

Director Lymon filed bankruptcy in 2019, and also suffers from a gambling addiction. So she more than likely benefitted from the scandal since some inmates said they sometimes left money in the locker for "Boss Lady." In her own words she has been doing this for over twenty-four years.

All residents have a protected interest and a due process of equal protection of the law attached to the specimens, which means Keetons

-7-

Corrections and the BOP had an obligation to secure and protect the urine samples since a positive test result means a loss of GCT and can possibly extend an inmate's sentence.

The videos Plaintiff sent to the BOP officials show an inmate with his hand in the FedEx bag removing a live specimen cup that had been previously submitted and bagged. Due to the specimen cup being already in the bag, the adhesive tamper proof label which contains the inmates initials and date is hard to see. So it is hard to determine whose urine sample it was or wasn't. Plaintiff is going to ask this Court to force Keetons to reveal all inmates whom tested positive because it is possible that their urine samples were tampered with along with the gross negligence displayed by Keeton's Corrections and its staff members. It is impossible to know whose sample he/she tampered with before or after the videos. Two things this court should be able to discern from the videos and the missing or stolen urine samples, is clearly that the chain of custody was broken, and tampering at the very least did occur.

No resident should have had access to the specimen locker, especially with the room or closet being unmonitored. In fact the videos depict an even more peculiar question. Has staff ever tampered with residents' specimen samples since there is no log and the specimen cups are not safely secured until FedEx comes to pick up the live specimen bags?

RESPONDEAT SUPERIOR

Plaintiff asserts that under Respondeat Superior Keeton Corrections is responsible for supervising and training their employees on how to handle

-8-

specimen samples. Therefore, due to the mishandling of specimens of specimens which led to that Plaintiff's constitutional due process rights being violated, Keeton Corrections became liable for all action surmounting from the negligence and malicious acts of all employees of Keeton Corrections.

Residents and staff monitors made money from the unsecured locker. Monitors looked the other way while residents substituted or destroyed their own possible positive urine samples. Some residents also tampered with other inmate's specimen samples if they benefitted with monetary gains from it.

As shown in the videos recorded by Plaintiff, Keeton's employees handling of the specimen locker showed lack of training at handling specimen samples. Keeton's failed to properly train and supervise Director Lymon on the proper procedures in dealing with DNA specimen samples. Staff failed to keep a log of who and when the locker was entered.

More importantly, Keeton's failed to train and supervise its employees on the importance of locking the specimen locker. The videos will thoroughly support these allegations.

## CONCLUSION

As a requisite to fairness Plaintiff requests that Keeton and its employees both named and unnamed pay the sum on one point eight million dollars for punitive damages; an additional one point five million dollars in compensatory damages; and finally one point two million dollars for pain ande suffering.

Respectfully submitted this _**16**_ day of May 2023.

Adrian Lacey

DOCUMENT 13

4/12/23

Clerk of Court

I am currently incarcerated at
Forrest City Medium in Arkansas
until May 19, 2023 which is
when my sentence ends. After
May 20, 2023 my address
will be 2889 Sollie Rd #1509
Mobile Al 36695

Sincerely

Adrian Jay

*14 35 - B66*

```
AVSO350                   ALABAMA JUDICIAL DATA CENTER
                          BALDWIN     COUNTY, ALABAMA
                               SUMMONS           CV 2023 900585.00
                               CIVIL             JODY W. BISHOP
|-----------------------------------------------------------------------|
|              IN THE  CIRCUIT COURT OF  BALDWIN      COUNTY, ALABAMA    |
| ADRIAN L LACEY VS KEETON CORRECTIONS                                   |
|                                                                        |
|    SERVE ON: (D001)                                                    |
|    SSN:       -    -             RECEIVED  PLAINTIFF'S ATTORNEY        |
|    KEETON CORRECTIONS            JUL 27 2023  *** PRO SE ***           |
|    4931 BATTLESHIP PKWY        BALDWIN CO SHERIFF'S            ORIGINAL|
|                                 CIVIL DIVISION                         |
|    SPANISH FORT  ,AL 36527-                                            |
|-----------------------------------------------------------------------|
| NOTICE TO THE ABOVE-NAMED DEFENDANT.                                   |
|                                                                        |
|  THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS  |
| IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU|
| OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER,|
| EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER  |
| DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED|
| OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE ABOVE-NAMED PLAINTIFF(S) OR|
| ABOVE-NAMED ATTORNEY(S) OF THE PLAINTIFF(S) AT THE ABOVE ADDRESS(ES)   |
| OF THE ATTORNEY(S).                                                    |
|                                                                        |
|  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS|
| AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGEMENT BY DEFAULT|
| MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE|
| COMPLAINT OR OTHER DOCUMENT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER|
| WITH THE CLERK OF THIS COURT.                                          |
|-----------------------------------------------------------------------|
|  (X)   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL|
|        PROCEDURE TO SERVE PROCESS:                                     |
|        YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE|
|        COMPLAINT OR OTHER DOCUMENT IN THIS ACTION UPON THE             |
|        ABOVE-NAMED DEFENDANT.                                          |
|                                                                        |
|  ( )   SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE |
|        WRITTEN REQUEST OF _____ PURSUANT TO THE ALABAMA|
|        RULES OF CIVIL PROCEDURE.                                       |
|                                                                        |
| DATE: 07/25/2023                  CLERK: BRENDA Q. GANEY               |
|                                          312 COURTHOUSE SQUARE         |
|                                          SUITE 10                      |
|                                          BAY MINETTE  AL  36507        |
|                                          (251)937-0280                 |
|                                                                        |
|  ( )   CERTIFIED MAIL IS HEREBY REQUESTED   _____   |
|                                             PLAINTIFF'S/ATTORNEY'S     |
|                                             SIGNATURE                  |
|-----------------------------------------------------------------------|
|                       RETURN ON SERVICE                                |
|  ( )   RETURN RECEIPT OF CERTIFIED MAIL RECEIVED IN THIS OFFICE        |
|        ON (DATE) _____ (RETURN RECEIPT HERETO ATTACHED)|
|                                                                        |
|  ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THIS SUMMONS AND|
|                                                                        |
|        COMPLAINT OR OTHER DOCUMENT TO _____ |
|                                                                        |
|        IN _____ COUNTY, ALABAMA ON (DATE) _____  |
|                                                   CIRCUIT COURT        |
| _____          BALDWIN COUNTY, AL          |
| DATE                               SERVER'S SIGNATURE (FILED - FAIRHOPE)|
|                                                                        |
| _____          TYPE OF PROCESS SERVER AUG 01 2023|
| SERVER'S ADDRESS                                                       |
|                                                                        |
|                                 10:20 AM    G SMITH      CIRCUIT CLERK |
| SERVER'S PHONE NUMBER  NOT FOUND  No Smith B-66                        |
|-----------------------------------------------------------------------|
| OPERATOR: CHW    PREPARED: 07/25/2023  Date 7/31/23 by Deputy _____  |
                   Due To: ☐No longer at address listed
                           ☐No longer employed at address listed
                           ☒Bad Address   UNABLE TO LOCATE ADDRESS
                           ☐Avoiding Service
                   Other ☐ _____
                                          320 N. Hoyle Ave
                                          Bay Minette, AL 36507
                                          (251) 937-0200
```



### AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:   LACEY ADRIAN L (PRO SE)
2889 SOLLIE RD., #1509
MOBILE, AL, 36695-0000

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

The following matter was not served on 7/31/2023

D001 KEETON CORRECTIONS
Corresponding To
RETURNED NOT FOUND
BAD ADDRESS

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

CIRCUIT COURT
BALDWIN COUNTY, AL
(FILED - BAY MINETTE)

AUG 1 6 2023

CIRCUIT CLERK

8-11-23

To Clerk of Court for Baldwin County

I Adrian Lacey would like to update the record to change the address for the Defendant Keetons Corrections to ~~____~~ 4901 Battleship PKWY, Spanish Fort, Al 36527. The previous address of 4931 was the wrong address. I ask that this Court correct this error.

Additionally I would like to add if Not already Lucy May Lymon the Director at Keeton Corrections as a defendant. I also have video footage that is Not modified showing the unlawful acts supporting the referenced Case No CV-2023-900585.00

Respectfully Submitted

Adrian L Lacey

Done on the 11th day of 2023 August.

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev. 7/2023 | **SUMMONS**<br>**-CIVIL-** | Court Case Number<br><br>CV2023 900585 |
|---|---|---|

**IN THE** _Circuit_ **COURT OF** _Baldwin_ **COUNTY, ALABAMA**
_(Circuit, District, or Juvenile)_     _(Name of County)_     **ORIGINAL**

_Adrian L. Lacey_ v. _Keeton Corrections_
_Lucy May Lymon_
[Name(s) of Plaintiff(s)]     [Name(s) of Defendant(s)]

**NOTICE TO:** _Keeton Corrections, 4901 Battleship Pkwy, Spanish Fort, Al_
_N001_     _(Name and Address of Defendant)_

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _____ , WHOSE
[Name(s) of Attorney(s)]

ADDRESS(ES) IS/ARE: _____

SEP 07 2023

_Address(es) of Plaintiff(s) or Attorney(s)_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☒ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.
☐ Service by certified mail of this Summons is initiated upon the written request _Brenda C. Ganey_ pursuant to the Alabama Rules of Civil Procedure.

_9-1-25_     _Brenda C. Ganey_     By: _CU_
(Date)     (Signature of Clerk)     [Name(s)]     (Name)

☐ Certified Mail is hereby requested. _____
(Plaintiff's/Attorney's Signature)

**RETURN ON SERVICE**

_Certified Mail_
☐ Return receipt of certified mail was received in this Office on _____
(Date)

_Personal / Authorized_
☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .
(First and Last Name of Person Served)     (Name of County)     (Date)
Documents left:
☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

_Return of Non-Service_
☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
(First and Last Name of Person Served)     (Name of County)     (Date)
☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure.

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| (Type of Process Server) | (Server's Signature) | (Physical Address of Designated Process Server) |
|---|---|---|
| (Official Title of Sheriff or Constable) | (Server's Printed Name) | (Telephone Number of Designated Process Server) |
| (Badge or Precinct Number of Sheriff or Constable) | | |

**State of Alabama**
**Unified Judicial System**

Form ARCiv-93  Rev.9/18

## COVER SHEET
## CIRCUIT COURT – CIVIL CASE
(Not For Domestic Relations Cases)

| Case Number |
| --- |

Date of Filing:

| | |
| --- | --- |
| Month | Day | Year |

Judge Code:

---

IN THE CIRCUIT COURT OF ___Baldwin County___ , **ALABAMA**

___Adrian L. Lucy___
First Plaintiff
*Plaintiff*     v.     ___Breton Corrections___
First Defendant
*Defendant*
*(Name of County)*

| First Plaintiff | ☐ Business | ☑ Individual |
| --- | --- | --- |
| | ☐ Government | ☐ Other |

| First Defendant | ☑ Business | ☐ Individual |
| --- | --- | --- |
| | ☐ Government | ☐ Other |

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
  Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
  Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ LORP - Petition for Order of Limited Relief
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** (check one):     F ☑ INITIAL FILING     A ☐ APPEAL FROM     O ☐ OTHER: _____
DISTRICT COURT

R ☐ REMANDED     T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED     ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| | | | | |
| --- | --- | --- | --- | --- |

_____
Date

___Adrian L. Lacey___
Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ Yes ☐ No

MAY 22 2023

DOCUMENT 1

IN THE 28TH JUDICIAL CIRCUIT COURT
FOR BALDWIN COUNTY ALABAMA

ADRIAN LACEY,                         §
                                      §
            PLAINTIFF,                §
                                      §
vs.                                   §    CASE NO.: $Cv\ 23\text{-}900585$
                                      §
KEETONS CORRECTIONS,                  §
LUCY MAY LYMON, AND                   §
UNNAMED DEFENDANTS.                   §

MAY 22 2022

CIVIL COMPLAINT AND LAWSUIT

COMES NOW, ADRIAN LACEY, in this civil suit against Keetons Corrections
and named defendants including Lucy May Lymon in their official capacity,
located in Spanish Fort, Alabama, for violating his Eighth Amendment Const-
itutional Rights by allowing his specimen to be substituted, altered, and
taampered with which caused him to directly and indirectly lose one-hundred
and fifty-seven (157) good conduct time days in the Bureau of Prisons's
sentence he was or is serving.

FACTS OF THE CASE

Plaintiff was sent to Keeton Corrections on July 19, 2022 to serve
out the remainder of his sentence which at that time ended on December 13,
2022. Keeton's is a halfway house for federal inmates in Bureau of Prisons
custody. On July 20, 2022 Plaintiff submitted a urine analysis sample. On
July 28, 2022, lab results from Redwood Toxicology Labratory were returned
and indicated that the sample from July 20, 2022, was positive for THC.

-1-

On July 29 Plaintiff was arrested and taken into the custody of the Baldwin County Sheriff's department and booked into the Baldwin County Jail. Plaintiff was given another urine analysis at Baldwin County docket by a nurse. Once the Plaintiff was in general population around other inmates, he met other inmates that were previously at Keeton Corrections but were arrested before he arrived from federal prison.

Amongst other things, some of these inmates spoke of how Urine Analysis tampering was amiss at Keeton's and how Director Lymon was involved. Plaintiff then called from the county jail and spoke to Case Manager Jackson to inquire about his results from the July 26 and 27 urine samples that he submitted. Case Manager Jackson then informed the Plaintiff that his samples were negative. She then informed Plaintiff that the July 20th urine sample that was positive had 19 nanograms of THC. The July 26th and 27th samples should still have been positive in that case.

Plaintiff then contacted medical through the kiosk and inquired about his urine sample results from the Baldwin County Jail. He was informed that his results were negative as well. Plaintiff was then released back to Keetons after serving thirty days. Plaintiff then filed several administrative remedies to the BOP, but they were all rejected in turn. Then months later Plaintiff received his first break. He received an email and text message from two different people informing him that he had been set-up by having his specimen sample substituted or altered. Additionally, they sent Plaintiff the videos to support these allegations.

The messages also requested a monetary payment of $150.00 for the videos. The messages also asserted that Director Lucy Lymon was involved in the scandal.

-2-

On January 12, 2022, in a conference call with residential reentry manager David Potts, whom is with the Bureau of Prisons and Director Lymon, Plaintiff informed Manager Potts about these disturbing messages. After sending these messages to the BOP and Keetons by email so Mrs. Lymon could also view them, she stated that tampering with specimens is impossible because the locker in the cleaning supply closet where the specimen samples are kept are secured properly with a lock. She then stated that the locker has a lock or key to keep it secured.

Plaintiff had been at Keetons since July 19, 2022, and had submitted four urine samples a month, but had never seen a lock or the locker secured. In fact no staff monitor had ever unlocked the locker since no key or lock had ever been in existence. This is something that all staff and inmates, both former and current would attest to before January 17, 2023 which is when a sign was placed on the door stating no inmates allowed and the locker finally was locked according to staff.

On January 12, 2022, Plaintiff left this meeting with Potts and Lymon and went to the cleaning room which has no video surveillance and recorded himself entering the unlocked specimen locker. There was a staff monitor, Eric Bush, present in this video as well. Plaintiff pretends to look for a pillow inside the specimen locker which he opens the unsecured locker while recording himself entering the unsecured locker. He shows the live specimen sample in the FedEx bag waiting to be picked up by a FedEx carrier. Also, additionally you can see the unused specimen cups in the same locker making it easily accessible to anyone who wishes to tamper with said specimens. Then ironically Monitor Bush moves to the locker and starts bagging specimen cups in another FedEx bag because the cups were all over the locker and falling out of the FedEx bag that they had initally been in.

Plaintiff then asks Monitor Bush what date it is and which Bush responds to by .saying January 12th. Plaintiff then states tomorrow is Friday the 13th. Bush responds with Yep.

On a similar occasion, Plaintiff records the locker unsecured by asking a monitor to open the locker for him while he openly records. When the monitor opens the locker Plaintiff sticks the phone inside the locker and states: This is where they keep the U.A.s at Plaintiff then asks the monitor to close the locker. What happens after he closes the locker is mouthdropping. The monitor exits the room and leaves the Plaintiff inside the room or closet around the unsecured locker and goes back to work at the front desk. Plaintiff records the monitor leaving the room and turns the camera back to the locker that was never locked or unlocked.

On January 17, 2023, Plaintiff emailed the two videos he recorded along with the videos sent to him showing someone entering the unsecured locker removing specimen samples and playing with the latch on the locker to BOP representative David Potts. Plaintiff told Potts that the  Director lied when she stated that the locker has a lock and stays locked. Plaintiff was charged and arrested for recording staff. A sign was then placed on the door stating no inmates were allowed beyond a certain point. The sign is dated January 17, 2023. The exact day the Plaintiff sent the videos to the BOP. However, the damage had been done to Plaintiff and other inmates alike.

## NEGLIGENCE/BREACH OF DUTY

We define negligence as conduct that falls below the level necessary to preotect others against unreasonable risks of harm. The elements of a negligence case - the things the plaintiff must prove to recover are: (1) a **breach of duty** by the defendant; (2) actual injury suffered by the plaintiff, and; (3) actual and proximate causation between the breach and the injury.

As asserted in the above mentioned Keeton Corrections and its staff breached their duty of retrieving and safegaurding specimens by failing to properly lock and secure the secure  the specimen locker that held inmates urine analysis tests. Plaintiff and other inmates unnumbered suffered positive **U.A. results as a result of this** breach of duty by the defendants which led to Plaintiff and others to unlawfully lose good time credits and increase their incarceration date. Furthermore, to show actual and proximate causation Plaintiff points to the videos of an inmate inside the specimen locker tampering with urine samples unattended and the missing lab tests he submitted but have no lab results from Redwood Lab to support the tests he and others submitted. This is all in account to the defendants breach of duty in keeping the specimens locker secured at all times and keeping a log of who and when the locker was entered.

These violations incurred by the defendants ended up in the Plaintiff's civil rights being violated as a result of the defendants negligent behavior.

## EIGHTH AMENDMENT VIOLATION

Plaintiff asserts that he was subjected to cruel and unusual punishment when he was sent back to jail and prison as a result of his specimen being tampered with, he in addition suffered a loss of one-hundred fifty-seven

good conduct time days being forfeited due to this breach of "chain of custody". Plaintiff was forced to spend the holidays in Baldwin County Jail. Plaintiff lost significant wages while being incarcerated for the one-hundred and fifty-seven days. He also experienced chagrin, teeth grinding, high blood pressure and contracted COVID-19 while in custody after December 13, 2022, which was his original date before his specimen was tampered with at Keeton Corrections.

## FOURTEENTH AMENDMENT VIOLATION

Plaintiff asserts that the above names defendants violated his rights to life, liberty, and due process protection of the law when they failed to properly secure the live specimen locker. By not securing the locker is not enough to prove tampering, a breah of chain of custody. The Plaintiff needs to show evidence of tampering, altering, substitution, or bad faith by the defendant.

However, in this case Plaintiff has video evidence showing an inmate with his hand in the FedEx bag removing and touching live specimens outside the presence of staff. There is a protected interest in a specimen for drug testing which causes a due process right to be attached. When a specimen tests positive, an inmate loses GCT which causes him/her to have to remain in prison longer.

So when Keetons failed to EVER place a lock on the specimen locker this resulted in inmates tampering with either their own samples or the samples of other inmates'. In fact to additionally prove tampering outside the inflammatory videos, Plaintiff asserts that inmates took the entire FedEx bag on multiple occasions. A review will show a lot of inmates including the Plaintiff have missing lab results. Plaintiff has seen other inmates with the FedEx bag outside of the supply room on previous occasions containing his specimen. This was in September or October of 2022. There is no chain of custody. Staff are not required to docket when they enter the specimen locker as shown in the videos.

When a resident or inmate submits a urine sample they sign an electronic pad indicating the date and time that they submitted their sample. When a review is done, this court will witness how there are a lot of missing lab results that are supposed to match with the date that they were submitted. So you have signatures with no lab results. Shannon Tresevant, a former resident will attest to how he took the whole bag on occasions to prevent testing of his specimens. Director Lymon is and was aware of these missing lab results that are supposed to match the signatures but never once addressed this misconduct. As stated in the text and email sent to Plaintiff, she was more likely than not involved in the scandal.

Director Lymon filed bankruptcy in 2019, and also suffers from a gambling addiction. So she more than likely benefitted from the scandal since some inmates said they sometimes left money in the locker for "Boss Lady." In her own words she has been doing this for over twenty-four years.

All residents have a protected interest and a due process of equal protection of the law attached to the specimens, which means Keetons

Corrections and the BOP had an obligation to secure and protect the urine samples since a positive test result means a loss of GCT and can possibly extend an inmate's sentence.

The videos Plaintiff sent to the BOP officials show an inmate with his hand in the FedEx bag removing a live specimen cup that had been previously submitted and bagged. Due to the specimen cup being already in the bag, the adhesive tamper proof label which contains the inmates initials and date is hard to see. So it is hard to determine whose urine sample it was or wasn't. Plaintiff is going to ask this Court to force Keetons to reveal all inmates whom tested positive because it is possible that their urine samples were tampered with along with the gross negligence displayed by Keeton's Corrections and its staff members. It is impossible to know whose sample he/she tampered with before or after the videos. Two things this court should be able to discern from the videos and the missing or stolen urine samples, is clearly that the chain of custody was broken, and tampering at the very least did occur.

No resident should have had access to the specimen locker, especially with the room or closet being unmonitored. In fact the videos depict an even more peculiar question. Has staff ever tampered with residents' specimen samples since there is no log and the specimen cups are not safely secured until FedEx comes to pick up the live specimen bags?

## RESPONDEAT SUPERIOR

Plaintiff asserts that under Respondeat Superior Keeton Corrections is responsible for supervising and training their employees on how to handle

specimen samples. Therefore, due to the mishandling of specimens of specimens which led to that Plaintiff's constitutional due process rights being violated, Keeton Corrections became liable for all action surmounting from the negligence and malicious acts of all employees of Keeton Corrections.

Residents and staff monitors made money from the unsecured locker. Monitors looked the other way while residents substituted or destroyed their own possible positive urine samples. Some residents also tampered with other inmate's specimen samples if they benefitted with monetary gains from it.

As shown in the videos recorded by Plaintiff, Keeton's employees handling of the specimen locker showed lack of training at handling specimen samples. Keeton's failed to properly train and supervise Director Lymon on the proper procedures in dealing with DNA specimen samples. Staff failed to keep a log of who and when the locker was entered.

More importantly, Keeton's failed to train and supervise its employees on the importance of locking the specimen locker. The videos will thoroughly support these allegations.

### CONCLUSION

As a requisite to fairness Plaintiff requests that Keeton and its employees both named and unnamed pay the sum on one point eight million dollars for punitive damages; an additional one point five million dollars in compensatory damages; and finally one point two million dollars for pain ande suffering.

Respectfully submitted this ____ day of May 2023.

Adrian Lacey

4/12/23

Clerk of Court

I am currently incarcerated at Forrest City Medium in Arkansas until May 19, 2023 which is when my sentence ends. After May 20, 2023 my address will be 2889 Sollie Rd #1509 Mobile Al 36695.

Sincerely

Adrian Jay

| State of Alabama Unified Judicial System | **SUMMONS -CIVIL-** | Court Case Number |
|---|---|---|
| Form C-34    Rev. 7/2023 | | CV2023 900585 |

IN THE _Circuit_ COURT OF _Baldwin_ COUNTY **ORIGINAL**
<small>(Circuit, District, or Juvenile)</small>    <small>(Name of County)</small>

_Adrian L Lacey_    v.    _Keeton Corrections_
                                    _Lucy May Lymon_
<small>[Name(s) of Plaintiff(s)]</small>    <small>[Name(s) of Defendant(s)]</small>

NOTICE TO: _Lucy May Lymon, 4901 Battleship Plkwy, Spanish Fort, Al_
**D002**    <small>(Name and Address of Defendant)</small>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _____, WHOSE
<small>[Name(s) of Attorney(s)]</small>    SEP 07 2023

ADDRESS(ES) IS/ARE: _____
<small>Address(es) of Plaintiff(s) or Attorney(s)</small>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of _____ pursuant to the Alabama Rules of Civil Procedure.
<small>[Name(s)]</small>

_9-11-23_    _Brenda D Mauey_    By: _Cu_
<small>(Date)</small>    <small>(Signature of Clerk)</small>    <small>(Name)</small>

[ ] Certified Mail is hereby requested.    _____
<small>(Plaintiff s/Attorney's Signature)</small>

**RETURN ON SERVICE**

*Certified Mail*

[ ] Return receipt of certified mail was received in this Office on _____
<small>(Date)</small>

*Personal / Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____.
<small>(First and Last Name of Person Served)</small>    <small>(Name of County)</small>    <small>(Date)</small>

Documents left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
<small>(First and Last Name of Person Served)</small>    <small>(Name of County)</small>    <small>(Date)</small>

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure.

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| <small>(Type of Process Server)</small> | <small>(Server's Signature)</small> | <small>(Physical Address of Designated Process Server)</small> |
|---|---|---|
| <small>(Official Title of Sheriff or Constable)</small> | <small>(Server's Printed Name)</small> | <small>(Telephone Number of Designated Process Server)</small> |
| <small>(Badge or Precinct Number of Sheriff or Constable)</small> | | |

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.9/18 | **COVER SHEET<br>CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>CV 2023 900585 .<br>Date of Filing:    Judge Code:<br>Month    Day    Year |
|---|---|---|

IN THE CIRCUIT COURT OF ___Baldwin County___, **ALABAMA**

___Adrian L. Lacey___ v. ___Breton Corrections___
_(Name of County)_

**Plaintiff**                                              **Defendant**

First Plaintiff  ☐ Business   ☑ Individual        First Defendant  ☑ Business   ☐ Individual
                 ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
           Enforcement of Agency Subpoena/Petition to Preserve
☑ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
           Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ LORP - Petition for Order of Limited Relief
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** _(check one):_   F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                                    DISTRICT COURT
                            R ☐ REMANDED      T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a
                                                   jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED     ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
_____ _____        ___Adrian L. Lacey___
              Date          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ Yes ☐ No



MAY 22 2023

CIRCUIT...

IN THE 28TH JUDICIAL CIRCUIT COURT
FOR BALDWIN COUNTY ALABAMA

ADRIAN LACEY,                           §
                                        §
        PLAINTIFF,                      §
                                        §
vs.                                     §        CASE NO. : (V 23-900585
                                        §
KEETONS CORRECTIONS,                    §
LUCY MAY LYMON, AND                     §
UNNAMED DEFENDANTS.                     §

## CIVIL COMPLAINT AND LAWSUIT

COMES NOW, ADRIAN LACEY, in this civil suit against Keetons Corrections

and named defendants including Lucy May Lymon in their official capacity,

located in Spanish Fort, Alabama, for violating his Eighth Amendment Const-

itutional Rights by allowing his specimen to be substituted, altered, and

taampered with which caused him to directly and indirectly lose one-hundred

and fifty-seven (157) good conduct time days in the Bureau of Prisons's

sentence he was or is serving.

## FACTS OF THE CASE

Plaintiff was sent to Keeton Corrections on July 19, 2022 to serve

out the remainder of his sentence which at that time ended on December 13,

2022. Keeton's is a halfway house for federal inmates in Bureau of Prisons

custody. On July 20, 2022 Plaintiff submitted a urine analysis sample. On

July 28, 2022, lab results from Redwood Toxicology Labratory were returned

and indicated that the sample from July 20, 2022, was positive for THC.

-1-

On July 29 Plaintiff was arressted and taken into the custody of the Baldwin County Sheriff's department and booked into the Baldwin County Jail. Plaintiff was given another urine analysis at Baldwin County docket by a nurse. Once the Plaintiff was in general population around other inmates, he met other inmates that were previously at Keeton Corrections but were arrested before he arrived from federal prison.

Amongst other things, some of these inmates spoke of how Urine Analysis tampering was amiss at Keeton's and how Director Lymon was involved. Plaintiff then called from the county jail and spoke to Case Manager Jackson to inquire about his results from the July 26 and 27 urine samples that he submitted. Case Manager Jackson then informed the Plaintiff that his samples were negative. She then informed Plaintiff that the July 20th urine sample that was positive had 19 nanograms of THC. The July 26th and 27th samples should still have been positive in that case.

Plaintiff then contacted medical through the kiosk and inquired about his urine sample results from the Baldwin County Jail. He was informed that his results were negative as well. Plaintiff was then released back to Keetons after serving thirty days. Plaintiff then filed several administrative remedies to the BOP, but they were all rejected in turn. Then months later Plaintiff received his first break. He received an email and text message from two different people informing him that he had been set-up by having his specimen sample substituted or altered. Additionally, they sent Plaintiff the videos to support these allegations.

The messages also requested a monetary payment of $150.00 for the videos. The messages also asserted that Director Lucy Lymon was involved in the scandal.

On January 12, 2022, in a conference call with residential reentry
manager David Potts, whom is with the Bureau of Prisons and Director Lymon,
Plaintiff informed Manager Potts about these disturbing messages. After
sending these messages to the BOP and Keetons by email so Mrs. Lymon could
also view them, she stated that tampering with specimens is impossible because
the locker in the cleaning supply closet where the specimen samples are kept
are secured properly with a lock. She then stated that the locker has a lock
or key to keep it secured.

Plaintiff had been at Keetons since July 19, 2022, and had submitted
four urine samples a month, but had never seen a lock or the locker secured.
In fact no staff monitor had ever unlocked the locker since no key or lock
had ever been in existence. This is something that all staff and inmates,
both former and current would attest to before January 17, 2023 which is when
a sign was placed on the door stating no inmates allowed and the locker finally
was locked according to staff.

On January 12, 2022, Plaintiff left this meeting with Potts and Lymon
and went to the cleaning room which has no video surveillance and recorded
himself entering the unlocked specimen locker. There was a staff monitor,
Eric Bush, present in this video as well. Plaintiff pretends to look for a
pillow inside the specimen locker which he opens the unsecured locker while
recording himself entering the unsecured locker. He shows the live specimen
sample in the FedEx bag waiting to be picked up by a FedEx carrier. Also,
additionally you can see the unused specimen cups in the same locker making
it easily accessible to anyone who wishes to tamper with said specimens. Then
ironically Monitor Bush moves to the locker and starts bagging specimen cups
in another FedEx bag because the cups were all over the locker and falling
out of the FedEx bag that they had initally been in.

Plaintiff then asks Monitor Bush what date it is and which Bush responds to by .saying January 12th. Plaintiff then states tomorrow is Friday the 13th. Bush responds with Yep.

On a similar occasion, Plaintiff records the locker unsecured by asking a monitor to open the locker for him while he openly records. When the monitor opens the locker Plaintiff sticks the phone inside the locker and states: This is where they keep the U.A.s at Plaintiff then asks the monitor to close the locker. What happens after he closes the locker is mouthdropping. The monitor exits the room and leaves the Plaintiff inside the room or closet around the unsecured locker and goes back to work at the front desk. Plaintiff records the monitor leaving the room and turns the camera back to the locker that was never locked or unlocked.

On January 17, 2023, Plaintiff emailed the two videos he recorded along with the videos sent to him showing someone entering the unsecured locker removing specimen samples and playing with the latch on the locker to BOP representative David Potts. Plaintiff told Potts that the Director lied when she stated that the locker has a lock and stays locked. Plaintiff was charged and arrested for recording staff. A sign was then placed on the door stating no inmates were allowed beyond a certain point. The sign is dated January 17, 2023. The exact day the Plaintiff sent the videos to the BOP. However, the damage had been done to Plaintiff and other inmates alike.

## NEGLIGENCE/BREACH OF DUTY

We define negligence as conduct that falls below the level necessary to preotect others against unreasonable risks of harm. The elements of a negligence case – the things the plaintiff must prove to recover are: (1) **a breach of duty** by the defendant; (2) actual injury suffered by the plaintiff, and; (3) actual and proximate causation between the breach and the injury.

As asserted in the above mentioned Keeton Corrections and its staff breached their duty of retrieving and safegaurding specimens by failing to properly lock and secure the secure  the specimen locker that held inmates urine analysis tests. Plaintiff and other inmates unnumbered suffered positive **U.A. results as a result of this breach of duty by the defendants** which led to Plaintiff and others to unlawfully lose good time credits and increase their incarceration date. Furthermore, to show actual and proximate causation Plaintiff points to the videos of an inmate inside the specimen locker tampering with urine samples unattended and the missing lab tests he submitted but have no lab results from Redwood Lab to support the tests he and others submitted. This is all in account to the defendants breach of duty in keeping the specimens locker secured at all times and keeping a log of who and when the locker was entered.

These violations incurred by the defendants ended up in the Plaintiff's civil rights being violated as a result of the defendants negligent behavior.

## EIGHTH AMENDMENT VIOLATION

Plaintiff asserts that he was subjected to cruel and unusual punishment when he was sent back to jail and prison as a result of his specimen being tampered with, he in addition suffered a loss of one-hundred fifty-seven

good conduct time days being forfeited due to this breach of "chain of custody". Plaintiff was forced to spend the holidays in Baldwin County Jail. Plaintiff lost significant wages while being incarcerated for the one-hundred and fifty-seven days. He also experienced chagrin, teeth grinding, high blood pressure and contracted COVID-19 while in custody after December 13, 2022, which was his original date before his specimen was tampered with at Keeton Corrections.

## FOURTEENTH AMENDMENT VIOLATION

Plaintiff asserts that the above names defendants violated his rights to life, liberty, and due process protection of the law when they failed to properly secure the live specimen locker. By not securing the locker is not enough to prove tampering, a breah of chain of custody. The Plaintiff needs to show evidence of tampering, altering, substitution, or bad faith by the defendant.

However, in this case Plaintiff has video evidence showing an inmate with his hand in the FedEx bag removing and touching live specimens outside the presence of staff. There is a protected interest in a specimen for drug testing which causes a due process right to be attached. When a specimen tests positive, an inmate loses GCT which causes him/her to have to remain in prison longer.

So when Keetons failed to EVER place a lock on the specimen locker this resulted in inmates tampering with either their own samples or the samples of other inmates'. In fact to additionally prove tampering outside the inflammatory videos, Plaintiff asserts that inmates took the entire FedEx bag on multiple occasions. A review will show a lot of inmates including the Plaintiff have missing lab results. Plaintiff has seen other inmates with the FedEx bag outside of the supply room on previous occasions containing his specimen. This was in September or October of 2022. There is no chain of custody. Staff are not required to docket when they enter the specimen locker as shown in the videos.

When a resident or inmate submits a urine sample they sign an electronic pad indicating the date and time that they submitted their sample. When a review is done, this court will witness how there are a lot of missing lab results that are supposed to match with the date that they were submitted. So you have signatures with no lab results. Shannon Tresevant, a former resident will attest to how he took the whole bag on occasions to prevent testing of his specimens. Director Lymon is and was aware of these missing lab results that are supposed to match the signatures but never once addressed this misconduct. As stated in the text and email sent to Plaintiff, she was more likely than not involved in the scandal.

Director Lymon filed bankruptcy in 2019, and also suffers from a gambling addiction. So she more than likely benefitted from the scandal since some inmates said they sometimes left money in the locker for "Boss Lady." In her own words she has been doing this for over twenty-four years.

All residents have a protected interest and a due process of equal protection of the law attached to the specimens, which means Keetons

Corrections and the BOP had an obligation to secure and protect the urine samples since a positive test result means a loss of GCT and can possibly extend an inmate's sentence.

The videos Plaintiff sent to the BOP officials show an inmate with his hand in the FedEx bag removing a live specimen cup that had been previously submitted and bagged. Due to the specimen cup being already in the bag, the adhesive tamper proof label which contains the inmates initials and date is hard to see. So it is hard to determine whose urine sample it was or wasn't. Plaintiff is going to ask this Court to force Keetons to reveal all inmates whom tested positive because it is possible that their urine samples were tampered with along with the gross negligence displayed by Keeton's Corrections and its staff members. It is impossible to know whose sample he/she tampered with before or after the videos. Two things this court should be able to discern from the videos and the missing or stolen urine samples, is clearly that the chain of custody was broken, and tampering at the very least did occur.

No resident should have had access to the specimen locker, especially with the room or closet being unmonitored. In fact the videos depict an even more peculiar question. Has staff ever tampered with residents' specimen samples since there is no log and the specimen cups are not safely secured until FedEx comes to pick up the live specimen bags.

## RESPONDEAT SUPERIOR

Plaintiff asserts that under Respondeat Superior Keeton Corrections is responsible for supervising and training their employees on how to handle

specimen samples. Therefore, due to the mishandling of specimens of specimens which led to that Plaintiff's constitutional due process rights being violated, Keeton Corrections became liable for all action surmounting from the negligence and malicious acts of all employees of Keeton Corrections.

Residents and staff monitors made money from the unsecured locker. Monitors looked the other way while residents substituted or destroyed their own possible positive urine samples. Some residents also tampered with other inmate's specimen samples if they benefitted with monetary gains from it.

As shown in the videos recorded by Plaintiff, Keeton's employees handling of the specimen locker showed lack of training at handling specimen samples. Keeton's failed to properly train and supervise Director Lymon on the proper procedures in dealing with DNA specimen samples. Staff failed to keep a log of who and when the locker was entered.

More importantly, Keeton's failed to train and supervise its employees on the importance of locking the specimen locker. The videos will thoroughly support these allegations.

### CONCLUSION

As a requisite to fairness Plaintiff requests that Keeton and its employees both named and unnamed pay the sum on one point eight million dollars for punitive damages; an additional one point five million dollars in compensatory damages; and finally one point two million dollars for pain ande suffering.

Respectfully submitted this __16__ day of May 2023.

Adrian Lacey

4/12/23

Clerk of Court

I am currently incarcerated at
Forrest City Medium in Arkansas
until May 19, 2023 which is
when my sentence ends. After
May 20, 2023 my address
will be 2889 Sollie Rd #1509
Mobile Al 36695

Sincerely

Adrian Jay

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev. 7/2023 | SUMMONS<br>-CIVIL- | Court Case Number<br><br>CV2023 900585 |
|---|---|---|

IN THE _Circuit_ COURT OF _Baldwin_ COUNTY, ALABAMA
(Circuit, District, or Juvenile)    (Name of County)

_Adrian L. Lacey_    v.    _Keeton Corrections_
_Lucy May Lyman_
[Name(s) of Plaintiff(s)]    [Name(s) of Defendant(s)]

NOTICE TO: _Lucy May Lyman 4901 Battleship Pkwy, Spanish Fort, Al_
(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _____, WHOSE
[Name(s) of Attorney(s)]

ADDRESS(ES) IS/ARE: _____
Address(es) of Plaintiff(s) or Attorney(s)

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[X] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of _____ pursuant to the Alabama Rules of Civil Procedure.
[Name(s)]

_9-11-23_    _Brenda D. Maney_    By: _____
(Date)    (Signature of Clerk)    (Name)

[ ] Certified Mail is hereby requested.    _____
(Plaintiff's/Attorney's Signature)

**RETURN ON SERVICE**

*Certified Mail*

[ ] Return receipt of certified mail was received in this Office on _____
(Date)

*Personal / Authorized*

[X] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_Lucy Lymon_ in _Baldwin_ County, Alabama on _9/13/23  1:30pm_
(First and Last Name of Person Served)    (Name of County)    (Date)

Documents left:
[X] with above-named Defendant;
[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
(First and Last Name of Person Served)    (Name of County)    (Date)
[ ] the above-named Defendant;
[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure.

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_Deputy_    _D. Smith_    _____
(Type of Process Server)    (Server's Signature)    (Physical Address of Designated Process Server)

_Deputy_    _G. Smith B66_
(Official Title of Sheriff or Constable)    (Server's Printed Name)    (Telephone Number of Designated Process Server)

_____
(Badge or Precinct Number of Sheriff or Constable)

320 N. Hoyle Ave
Bay Minette, AL 36507
(251) 937-0200

RECEIVED
SEP 13 2023
BALDWIN CO. SHERIFF'S
CIVIL DIVISION

CIRCUIT COURT AL
(FILED) FAIRHOPE
SEP 14 2023
CIRCUIT CLERK



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:  LACEY ADRIAN L #9001341 (PRO SE)
ESCAMBIA COUNTY JAIL
316 COURT ST
BREWTON, AL, 36426-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

The following matter was served on 9/13/2023

D002 LYMON LUCY MAY

Corresponding To

SERVED PERSONALLY

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov

| State of Alabama<br>Unified Judicial System | **SUMMONS** | Court Case Number |
|---|---|---|
| Form C-34   Rev. 7/2023 | **-CIVIL-** | CV2023-900585 |

IN THE _Circuit_ COURT OF _Baldwin_ COUNTY, ALABAMA
*(Circuit, District, or Juvenile)* *(Name of County)*

_Adrian L. Lacey_ v. _Keeton Corrections_
*(Name(s) of Plaintiff(s))* _Lucy May Lymon_
*(Name(s) of Defendant(s))*

NOTICE TO: _Keeton Corrections, 4901 Battleship Pkwy, Spanish Fort, Al_
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _____, WHOSE
*(Name(s) of Attorney(s))*

ADDRESS(ES) IS/ARE: _____

SEP 07 2023

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[X] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.
*(Name(s))*

_9-11-20_   _____   By: _____
*(Date)* *(Signature of Clerk)* *(Name)*

[ ] Certified Mail is hereby requested. _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

[ ] Return receipt of certified mail was received in this Office on _____
*(Date)*

*Personal / Authorized*

[X] I certify that I personally delivered a copy of this Summons and the Complaint or other document to _LUCY LYMON_ in _BALDWIN_ County, Alabama on _9/13/23_ _1:30pm_
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Documents left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c). Alabama Rules of Civil Procedure.

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_DEPUTY_   _D Smith_   _____
*(Type of Process Server)* *(Server's Signature)* *(Physical Address of Designated Process Server)*

_DEPUTY_   _G SMITH  B-66_   _____
*(Official Title of Sheriff or Constable)* *(Server's Printed Name)* *(Telephone Number of Designated Process Server)*

_____
*(Badge or Precinct Number of Sheriff or Constable)*

320 N. Hoyle Ave
Bay Minette   AL 36507
(251) 937-0200



AlaFile E-Notice

05-CV-2023-900585.00

Judge: JODY W. BISHOP

To:  LACEY ADRIAN L #9001341 (PRO SE)
ESCAMBIA COUNTY JAIL
316 COURT ST
BREWTON, AL, 36426-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

ADRIAN L LACEY VS KEETON CORRECTIONS
05-CV-2023-900585.00

The following matter was served on 9/13/2023

D001 KEETON CORRECTIONS
Corresponding To
SERVED PERSONALLY

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov