IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00388-JB-N |
| | ) |
| KEETON CORRECTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff Adrian Lacey's Motion to Withdraw Civil Suit from Federal Court and move back to State Court (Doc. 14) and Defendants' Response in Opposition (Doc. 16). For the reasons stated below, the Court construes Mr. Lacey's filing as a Rule 41 Notice of Dismissal without Prejudice.

Mr. Lacey was a federal prisoner who was sent to a halfway house operated by Defendant Keeton Corrections, Inc. in Spanish Fort, Alabama. Defendant Lucy May-Lymon served as Facility Director at the subject facility. Mr. Lacey alleges that while he was at the halfway house, someone tampered with his urine sample, resulting in a positive drug screen causing him to be re-arrested and ultimately lose 157 days of "good conduct time." Mr. Lacey filed suit in the Baldwin County Circuit Court against Keeton Corrections and Ms. May-Lymon, in her official capacity, seeking compensatory and punitive damages as well as damage for pain and suffering under four theories of liability: negligence/breach of duty, eighth amendment violation, fourteenth amendment violation, and respondeat superior. On October 12, 2023, Defendants removed this case based

on federal question jurisdiction. (Doc. 1). Shortly thereafter, Defendants filed a Motion to Dismiss (Doc. 4) which was fully briefed. (*See* Docs. 10, 12).

On December 12, 2023, Mr. Lacey filed the Motion which is before the Court.[1] (Doc. 14). In response, Defendants object on the grounds that (1) a motion to remand is untimely after 30 days and (2) Mr. Lacey's actions amount to manipulating the forum of this case. (Doc. 16). The Court finds these objections unavailing. Rule 41(a) confers upon plaintiffs such as Mr. Lacey an absolute right to dismiss claims "without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Rule 41(a)(1), Fed. R. Civ. P.; *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment."); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.").

Here, Defendants have not filed an answer or a motion for summary judgment. Rather, they have simply filed a Rule 12(b) motion in response to Mr. Lacey's Complaint. Under these circumstances, Rule 41(a) confers upon Mr. Lacey a right to voluntarily dismiss his claims against

---

[1] The Court construes Mr. Lacey's motion as a Notice of Dismissal based on its authority to reconstrue a *pro se* litigant's filings and address their substance. *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003))); *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis.").

Defendants without judicial approval, because a pending Rule 12(b) motion does not strip a plaintiff of his absolute right to take a voluntary dismissal. *See, e.g., Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (explaining that "rule 41(a)(1) means what it says," that motions to dismiss do not cut off plaintiff's absolute right to dismiss claims, and that defendants seeking to terminate such right may do so via the simple step of filing an answer); *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) (observing that "Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion"); *Birdsong Tractor & Supply, Inc. v. Microsoft Corp*. (*In re Microsoft Corp. Antitrust Litig.)*, 332 F. Supp. 2d 890, 895 (D. Md. 2004) ("A motion to dismiss is neither an answer, nor . . . a motion for summary judgment, and does not, therefore, operate to terminate the right of dismissal by notice.") (citation omitted).

Because Keeton Corrections and Ms. May-Lymon have filed neither an answer nor a motion for summary judgment, it is well established that Mr. Lacey, as Plaintiff, enjoys an unfettered right to dismiss his claims against them pursuant to Rule 41(a)(1). Mr. Lacey's claims against Keeton Corrections and Ms. May-Lymon are hereby dismissed without prejudice, each party to bear their own costs, pursuant to Rule 41(a)(1), Fed. R. Civ. P. Nothing herein bears on the merits (or lack thereof) of Mr. Lacey's claims against Keeton Corrections and Ms. May-Lymon, nor does it foreclose any party from making any argument as to the legal or factual validity of such causes of action.

**DONE and ORDERED** this 25th day of January, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE